

SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, IL 60603
+1 312 853 7000
+1 312 853 7036

AMERICA  •  ASIA PACIFIC  •  EUROPE

+1 212 839 6785
JHEYWORTH@SIDLEY.COM

October 20, 2021

**Via Electronic Case Filing System**

Hon. Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan United States District Courthouse
500 Pearl Street
New York, New York 10007

     Re:    *The Trustees of the New York State Nurses Association Pension Plan v. White Oak Global Advisors, LLC*, Case No. 21-cv-8330 (S.D.N.Y.)

Dear Judge Kaplan:

On October 8, 2021, Petitioner The Trustees of the New York State Nurses Association Pension Plan (the "Plan") filed a petition to confirm an arbitration award entered on August 4, 2021 (the "Petition to Confirm"). Contemporaneous with this submission, Respondent White Oak Global Advisors, LLC ("White Oak") is filing its own petition to vacate that arbitration award in part (the "Petition to Vacate"), as well as an opposition to the Plan's Petition to Confirm.

White Oak submits this letter to respectfully request that the Court allow White Oak to maintain under seal certain exhibits to declarations filed by counsel to the parties in support of their petitions, which exhibits contain confidential arbitration materials. The confidential arbitration materials that White Oak requests be maintained under seal include (a) confidential contracts relating to investment management services that White Oak provided to the Plan and (b) confidential expert declarations and testimony from the arbitration relating to White Oak's investment management services. Specifically, the materials that White Oak requests that the Court maintain under seal are: (i) Exhibits C, D, G, I, J, K, N, O, and R to the Declaration of Thomas K. Cauley, Jr. in support of White Oak's Petition to Vacate ("Cauley Declaration"), and (ii) Exhibits C and M to the Declaration of C. William Phillips in support of the Plan's Petition to Confirm ("Phillips Declaration").[1] By emails dated October 18 and 19, 2021, counsel for the

---

[1] Exhibits C, D, J, K, and O to the Cauley Declaration and Exhibit C to the Phillips Declaration contain confidential commercial contracts, namely, the parties' Investment Management Agreement and excerpts from White Oak's Limited Partnership Agreements. Exhibits G, I, and N to the Cauley Declaration and Exhibit M to the Phillips Declaration contain confidential expert declarations and expert testimony from the arbitration proceeding.



October 20, 2021
Page 2

Plan informed White Oak that the Plan does not agree that the aforementioned exhibits should be maintained under seal.

Good cause exists for maintaining the parties' confidential investment contracts and confidential arbitration expert declarations and testimony under seal.  The parties agreed in the arbitration to treat those materials as confidential and the agreements governing the Plan's investments in White Oak's funds contain confidentiality provisions.  The public disclosure of this confidential information would potentially subject White Oak to commercial harm.  Also, this type of confidential commercial information is routinely maintained under seal.  Accordingly, pursuant to the Court's Individual Rules of Practice and Federal Rule of Civil Procedure 5.2(d) and (e) concerning the filing of court records under seal for good cause, White Oak requests that the aforementioned confidential exhibits be maintained under seal.  A proposed order has been filed herewith.

## Background

White Oak provided investment management services to the Plan pursuant to an investment management agreement ("IMA").  Pursuant to the IMA, White Oak invested the Plan's money in White Oak limited partnerships that are governed by limited partnership agreements ("LPAs").  Those LPAs have confidentiality provisions providing "all information and documents relating to the Partnership and its affairs" are confidential.  (Ex. J to Cauley Decl. at § 3.8(a); Ex. K to Cauley Decl. at § 3.11(a); Ex. O to Cauley Decl. at § 3.8(a).)  As a result of White Oak's investment management services, the Plan received millions of dollars in profit distributions.

In 2017, White Oak provided notice to the Plan that it was terminating the parties' IMA.  After White Oak terminated the IMA, the Plan brought a confidential arbitration proceeding against White Oak.  The Plan claimed that White Oak breached the IMA and violated the Employee Retirement Income Security Act of 1974 ("ERISA").  Pursuant to a Stipulation and Protective Order Governing the Production and Exchange of Confidential Information ("Confidentiality Agreement") entered in the arbitration, the parties agreed that materials produced in the arbitration and testimony from witnesses in the arbitration would be confidential.

Among the documents produced in the arbitration were the parties' confidential IMA, which describes among other things White Oak's fee structure with the Plan, and the LPAs, which describe the confidential terms governing the Plan's investments in White Oak's limited partnerships.  Three experts also provided declarations and testimony concerning those confidential contracts relating to White Oak's investment management services to the Plan.  For example, the parties' experts provided detailed testimony and declarations relating to fees White Oak earned, profit distributions made by White Oak at various points in time, and the net asset values of White Oak's funds.  The Plan contends that the exhibits White Oak seeks to file under seal should be publicly filed because certain information from those exhibits is available in other exhibits that White Oak is not requesting be sealed.  However, the complete IMA, including



October 20, 2021
Page 3

White Oak's fee structure with the Plan, and the terms of the LPAs are not publicly available. Also, the expert materials that White Oak seeks sealed contain additional details and analysis that are not publicly available.

As evidenced by the Arbitrator's award itself, the Arbitrator ruled in White Oak's favor and rejected all of the Plan's claims in the arbitration. The Arbitrator awarded the Plan, which was the Claimant in the arbitration, *no damages*. Instead, the Arbitrator ordered the Plan to accept the in-kind distribution of the Plan's pro-rata ownership interests in the Plan's investments with White Oak that White Oak had been attempting to make to the Plan for three years. As the Arbitrator recognized in the award, White Oak has always stood ready to make an in-kind distribution to the Plan. White Oak made that in-kind distribution on September 3, 2021. Despite only awarding the Plan the in-kind distribution that White Oak had always been willing to provide and awarding the Plan no damages, the Arbitrator awarded the Plan an unspecified amount of attorneys' fees. White Oak has moved to vacate the award in part. As a matter of law, there is no basis to award the Plan any attorneys' fees because it did not prevail at the arbitration. The Arbitrator's award also calls upon White Oak to make an unspecified amount of "interest disgorgement" to the Plan upon the return of the Plan's investments with White Oak, which White Oak returned on September 3, 2021.[2] (Ex. A to Cauley Decl. at 10 ¶ 2.) To the extent the award refers to prejudgment interest, prejudgment interest is clearly improper as a matter of law, because the Plan was not awarded any damages.

## <u>Analysis & Legal Argument</u>

In ruling on a request to file documents under seal, courts consider whether the document sought to be filed under seal is a "judicial" document. A "judicial document" is one that is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). "[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *U.S. v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Instead, the documents must be "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119. There is no presumption of public access for documents that are not "judicial documents." *Id.* Documents that are not "judicial documents" may be sealed for good cause. *Standard Inv. Chartered, Inc. v. Nat'l. Ass'n of Sec. Dealers, Inc.*, 621 F. Supp. 2d 55, 62 (S.D.N.Y. 2007).

---

[2] To the extent that the arbitration award refers to interest earned on the Plan's loan investments, such interest continued to accrue on the Plan's loan investments and was provided to the Plan in connection with the in-kind distribution.



October 20, 2021
Page 4

### A.    The Confidential Arbitration Materials That White Oak Seeks to Keep Under Seal Are Not Judicial Documents.

The arbitration materials that White Oak seeks to keep under seal are not "judicial" documents, because they do not "directly affect [the] adjudication" of White Oak's Petition to Vacate or the Plan's Petition to Confirm. *U.S. v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). White Oak's Petition to Vacate and the Plan's Petition to Confirm can be decided as a matter of law based on the Arbitrator's decision alone. Instead, the documents that White Oak seeks to maintain under seal merely provide additional context for the Arbitrator's decision. In particular, the documents White Oak filed provide record support for the factual and procedural background sections of White Oak's memorandum in support of its Petition to Vacate.

### B.    Good Cause Exists for Maintaining the Confidential Arbitration Materials Under Seal.

Good cause exists for maintaining the confidential arbitration materials under seal. First, the parties entered a Confidentiality Agreement in the arbitration pursuant to which they agreed that the materials are confidential. Section 8 of the Confidentiality Agreement, which is attached as Exhibit A hereto, states that the parties "shall strictly maintain the confidential nature of the Arbitration proceeding[.]" Section 9 of the Confidential Agreement provides that without written permission by the other party "a Party may not file in the public record any Confidential Materials produced in this Arbitration." Section 14 of the Confidentiality Agreement states that "[t]he provisions of this Protective Order . . . shall survive and continue to be binding after the conclusion of this action." (*Id.*) Fulfilling the parties' expectation of confidentiality relating to this information is a compelling reason supporting sealing. *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826-28 (2d Cir. 1997), *cert denied*, 522 U.S. 1049 (1998) (district court's sealing of documents produced during an arbitration, subject to a confidentiality agreement, upheld as a sound exercise of discretion); *Pasternak v. Dow Kim*, No. 10 Civ. 5045(LTS)(JLC), 2013 WL 1729564, at *6 (S.D.N.Y. Apr. 22, 2013) (parties' "expectation of confidentiality should not be undermined").

Second, the LPAs that govern the Plan's investments with White Oak require limited partners, such as the Plan, to keep "all information and documents relating to the Partnership and its affairs" confidential. (Ex. J to Cauley Decl. at § 3.8(a); Ex. K to Cauley Decl. at § 3.11(a); Ex. O to Cauley Decl. at § 3.8(a).) Again, fulfilling the parties' expectation of confidentiality relating to this information is a compelling reason supporting sealing.

Third, courts in the Second Circuit have consistently held that protecting sensitive business information is a "higher value" that outweighs the presumption of public access. *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, No. 13CV2581(PKC) (JLC), 2021 WL 4135007, at *3–4 (S.D.N.Y. Sept. 10, 2021) (collecting cases). Accordingly, courts routinely find that good cause exists to seal the type of commercial information which White Oak seeks to seal

# SIDLEY

October 20, 2021
Page 5

here: namely, information concerning the confidential investment management services that White Oak provided to the Plan, such as confidential contracts and confidential arbitration expert testimony concerning White Oak's investment management services. *See, e.g.*, *Regeneron Pharms., Inc. v. Novartis Pharma AG*, No. 1:20-CV-05502, 2021 WL 243943, at *1 (S.D.N.Y. Jan. 25, 2021) ("[C]ourts in this District routinely seal documents to prevent the disclosure of a party's confidential or competitively sensitive business information."); *Breaking Glass Pictures, LLC v. Sal Franciosa Prods., LLC*, No. 20-CV-4304 (RA), 2020 WL 3318050, at *2 (S.D.N.Y. June 18, 2020) (sealing parties' agreement because it contained "sensitive commercial information" that was "of limited relevance to the dispute before the Court"); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (holding "internal corporate documents that govern investment strategies" were confidential). This is because such commercial information "may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Encycl. Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F.Supp.2d 606, 614 (S.D.N.Y. 1998).

For these reasons, good cause exists to maintain the confidential arbitration materials under seal.

\*    \*    \*

White Oak respectfully requests that the Court maintain under seal Exhibits C, D, G, I, J, K, N, O, and R to the Cauley Declaration, and (ii) Exhibits C and M to the Phillips Declaration.

Respectfully Submitted,

*/s/ James Heyworth*

James Heyworth

Enclosure