```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
THE TRUSTEES OF THE NEW YORK STATE
NURSES ASSOCIATION PENSION PLAN,
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/10/2021

Petitioner,

-against-                                                          21-cv-8330 (LAK)

WHITE OAK GLOBAL ADVISORS LLC,

Respondent.
------------------------------------------------x

## MEMORANDUM OPINION UNSEALING DOCUMENTS

LEWIS A. KAPLAN, *District Judge*.

Petitioner here seeks to confirm an arbitration award. Respondent moves to vacate it in part. By order of the Part I judge, the petition and related documents temporarily were filed under seal to afford the respondent an opportunity to support sealing if it chose to do so. Once assigned to the case, the undersigned directed the filing of any papers supporting continued sealing. In due course, respondent advised petitioner that it wished to maintain two exhibits to the petition under seal. It later moved to continue the seal of those two exhibits and continue the seal also of eight exhibits attached to respondent's own papers in support of its own motion to vacate the arbitration award. Petitioner's position is that none of the papers should remain under seal. Respondent's position is entirely unpersuasive, and its motion is denied.

Respondent argues first that these documents should remain sealed because they are

not "judicial documents" and therefore are not subject to any presumptive right of public access. But a "judicial document" is any filed document "relevant to the performance of the judicial function and useful in the judicial process."[1] Obviously, the documents in question were placed in the record – most of them by the respondent – because one or both of the parties consider them "relevant to the performance of the judicial function and useful in the judicial process." Of course they are "judicial documents," and respondent's contrary argument ignores what cannot properly be ignored. And its assertion that these materials are not "judicial documents" because it allegedly is conceivable that the Court perhaps could resolve the case without relying on them is blind to the fact that the Second Circuit has held that "documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment."[2] There is no meaningful distinction between papers on a summary judgment motion and those at issue here.[3] Respondent's "judicial documents" argument, viewed most favorably to respondent, is at least borderline sanctionable.

Respondent next argues that the business agreement between the parties that gave rise

---

[1] *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir.1995).

[2] *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006).

[3] *See Clearwater Ins. Co. v. Granite State Ins. Co.*, No. 15-cv-165 (RJS), 2015 WL 500184, at *3 (S.D.N.Y. Feb. 5, 2015) ("[I]t is well settled in this District that 'the petition, memoranda, and other supporting documents filed in connection with a petition to confirm an arbitration award (including the Final Award itself) are judicial documents that directly affect the Court's adjudication of that petition.'" (citation omitted)); *see also Alexandria Real Estate Equities, Inc. v. Fair*, No. 11-cv-3694 (LTS), 2011 WL 6015646, at *2 (S.D.N.Y. Nov. 30, 2011) ("Petitions to confirm arbitration awards, and their attendant memoranda of law and supporting documents, are 'judicial documents that directly affect[ ] the Court's adjudication' of the confirmation petition.").

to the dispute at the heart of the arbitration obliged both contracting parties, with certain exceptions, to keep information regarding their partnership confidential and that disclosure of the sealed materials "would potentially subject [respondent] to commercial harm."[4] But this assertion is no more than a weak, unsworn contention by counsel who claims no personal knowledge of the subject. It is vague. It identifies no specific harm. It sheds no light on what "potentially" means in terms of probability of harm upon disclosure. It is entirely conclusory. And neither the parties' contractual obligations to each other nor the fact that the arbitration was confidential bears the weight that respondent would place upon it. Confidentiality agreements are not an adequate basis for sealing.[5] Nor would the confidentiality order to which the parties agreed in the arbitration, even if it supported respondent, warrant a different result – and it does not support the respondent. Indeed, it has a specific carve-out for the use of party-designated confidential materials in proceedings to enforce or annul any arbitration award,[6] precisely the use made of them here.

In the last analysis all of respondent's arguments in favor of continued sealing are entirely without merit. Its letter motion to seal (Dkt 9) is denied in all respects. All documents previously sealed in whole or in part are unsealed. Petitioner shall take such steps with the Clerk to unseal the two exhibits in support of its petition that remain sealed. Respondent shall do likewise

---

[4] Dkt 28, at 3.

[5] *See, e.g., Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018) ("Courts in this District have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents.") (collecting cases); *First State Ins. Co. v. Nat'l Cas. Co.*, No. 13-cv-704 (AJN), 2013 WL 8675930, at *1 (S.D.N.Y. Feb. 19, 2013) (denying motion to seal documents in a petition to confirm an arbitration award, because "[t]he assertion that disclosure violates a separate confidentiality order is insufficient").

[6] Dkt 9-1, ¶ 8a.

with respect to all of its previously sealed material.

SO ORDERED.

Dated:       November 10, 2021

_____
Lewis A. Kaplan
United States District Judge