UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE TRUSTEES OF THE NEW YORK STATE NURSES ASSOCIATION PENSION PLAN,<br><br>            Petitioners,<br><br>v.<br><br>WHITE OAK GLOBAL ADVISORS, LLC,<br><br>            Respondent. | Civil Action No. 21–cv–08330 (LAK) |

# PETITIONERS' MEMORANDUM OF LAW
# IN SUPPORT OF MOTION TO CORRECT JUDGMENT

COVINGTON & BURLING LLP
C. William Phillips
Jonathan M. Sperling
Cléa P.M. Liquard
The New York Times Building
620 Eighth Avenue
New York, New York 10018
212-841-1000
cphillips@cov.com
jsperling@cov.com
cliquard@cov.com

Robert Newman
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
202-662-6000
rnewman@cov.com

*Attorneys for Petitioners Trustees of the New York State Nurses Association Pension Plan*

Pursuant to Federal Rule of Civil Procedure 60(a), Petitioners, the Trustees of the New York State Nurses Association Pension Plan (the "Plan"), respectfully move the Court to correct the Judgment entered on March 17, 2022 (Dkt. 60), so that the Judgment more clearly reflects the rulings contained in the Court's Memorandum Opinion (Dkt. 59).  That Opinion confirmed the following relief awarded by the arbitrator:  (i) removal of White Oak Global Advisors, LLC ("White Oak") as fiduciary and investment manager; (ii) disgorgement of profits; (iii) disgorgement of the "Day One" management fees in the amount of $1,929,836.07, plus prejudgment interest at 9% per annum; (iv) disgorgement of the net asset value of the Plan's assets as of August 4, 2021, plus prejudgment interest at 9% per annum; and (v) $5,722,249.35 in attorneys' fees and costs.  Unfortunately, the Judgment entered by the Clerk of the Court does not clearly describe this relief.[1]

## ARGUMENT

Under Rule 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).  Courts have "considerable discretion" "'to clarify a judgment in order to correct a failure to memorialize part of its decision, to reflect the necessary implications of the original order, to ensure that the court's purpose is fully implemented, or to permit enforcement.'"  *Consumer Fin. Prot. Bureau v. Sprint Corp.*, 320 F.R.D. 358, 363 (S.D.N.Y.

---

[1] Respondent has suggested in correspondence to the Plan that the U.S. Supreme Court's recent decision in *Badgerow v. Walters*, No. 20-1143 (U.S. Mar. 31, 2022), calls into question this Court's subject matter jurisdiction over this matter.  Petitioners disagree; notwithstanding *Badgerow*, this Court has subject matter jurisdiction over this case for several reasons, including (i) the petition arises under and seeks to enforce federal law, and (ii) White Oak's petition to vacate asserts manifest disregard of ERISA and thus also presents a federal question on its face.

2017) (quoting *L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cty., Inc.*, 956 F. Supp. 2d 402, 410 (E.D.N.Y. 2013)).  Indeed, as the Second Circuit has observed, "Rule 60(a) permits the correction of 'not only clerical mistakes, but also inadvertent errors' when correction is necessary 'not to reflect a new and subsequent intent of the court, but to conform the order to the contemporaneous intent of the court.'"  *Robert Lewis Rosen Assocs., Ltd. v. Webb*, 473 F.3d 498, 505 n.11 (2d Cir. 2007) (quoting *Marc Rich & Co. A.G. v. United States*, 739 F.2d 834, 836–37 (2d Cir. 1984)).

This includes correction of a judgment to include precise damages and prejudgment interest amounts.  *See Dudley ex rel. Est. of Patton v. Penn-Am. Ins. Co.*, 313 F.3d 662, 665 (2d Cir. 2002).  In *Dudley*, the Second Circuit held that the district court properly corrected its judgment under Rule 60(a) when it granted a party's motion to enter a money judgment for specific damages and prejudgment interest, which had been omitted from the court's prior grant of summary judgment.  *Id.*  The Second Circuit reasoned that, "when the district court granted [the plaintiff] summary judgment, it *necessarily* held that [plaintiff] was entitled to damages in the amount of $187,505.01 plus prejudgment interest at the statutory rate," because that was the "monetary relief" that plaintiff's "pleadings and summary judgment motion papers consistently requested."  *Id.* (emphasis added).  *See also Webb*, 473 F.3d at 506 (affirming district court's reliance on Rule 60(a) to issue a supplemental judgment that awarded precise amounts of damages and prejudgment interest, the calculation of which was "essentially ministerial").

Correction of the Judgment here is necessary to make explicit in the Judgment the Court's intent to confirm the specific monetary and non-monetary relief awarded by the arbitrator, subject to limited modification, as described in the Court's March 17, 2022 Memorandum Opinion.

In the Memorandum Opinion and the Judgment, the Court "granted in all respects" the Plan's petition to confirm the Partial Final Award and Final Award, subject to "very limited" modification. Dkt. 59 at 29; *accord* Dkt. 60. Although the Judgment does not describe explicitly the precise relief that was awarded and confirmed, the specific components and amounts of relief are apparent from the Court's Memorandum Opinion and the Plan's petition and briefing papers. *See Dudley*, 313 F.3d at 665 (by granting summary judgment for plaintiff, the district court "necessarily held that [plaintiff] was entitled to" the "monetary relief" that plaintiff's "pleadings and summary judgment motion papers consistently requested").

In particular, the Court confirmed the following components of relief awarded by the arbitrator:

— *Removal*. The Court confirmed the arbitrator's "award order[ing] White Oak's 'removal as fiduciary/investment manager of the plan's assets' in light of 'the numerous prohibited transactions it has engaged in, as well as other breaches of the IMA.'" Dkt. 59 at 28 (quoting Dkt. 21-1 at 39, Phillips Decl., Ex. A (Partial Final Award or "PFA")).

— *Disgorgement of the net asset value of the Plan's assets*. The Court found that the arbitrator's Final Award "orders [White Oak] to disgorge the net asset value of Plan assets 'as of [the] date of the FA' — that is, August 4, 2021," Dkt. 59 at 16 (second alteration in original), and concluded that "there is no reason to vacate or modify the arbitration award as to disgorgement, which must occur in a manner that is consistent with both the IMA and the award as a whole," *id.* at 20.

— *Disgorgement of profits and some fees*. The Court "confirm[ed] the award to the extent it orders White Oak to disgorge 'profits' and 'some fees,' and correct[ed] the [Final Award] by substituting the term 'management' for 'performance' in the first line of the third

4

enumerated item under the heading 'AWARD' on the tenth page." *Id.* at 23 (quoting Dkt. 21-2, Phillips Decl., Ex. B at 6 (Final Award or "FA")). The Court also concluded that "White Oak may not retain any 'Day One' fees." *Id.* Although the Court did not identify the precise amount of "Day One" fees to be disgorged, that figure—$1,929,836.07—is reflected in the record, and has never been in dispute. *See* Dkt. 21-11, Phillips Decl., Ex. K at 2 (Statement of Capital Account for the Quarter Ending Dec. 31, 2013) (identifying "management fee" as $1,929,836.07); Dkt. 30-2, Phillips Decl., Ex. M at 6 (Exhibits to Mr. Simon's response expert affidavit) (same); *see also* Dkt. 18, Plan Br. at 11 (describing the "more than $1.9 million in ... 'Day One Fees'").

— *Attorneys' fees and costs*. The Court determined that the arbitrator's "award of eighty percent of the Plan's attorneys fees and costs ... must be confirmed." Dkt. 59 at 27. The Memorandum Opinion and the Judgment do not include the precise dollar amount of fees and costs, but as stated in the Plan's petition and briefing papers, eighty percent of the Plan's requested attorneys' fees and costs totals $5,722,249.35. *See, e.g.*, Dkt. 14-1, Pet'n at 7 (eighty percent of attorneys' fees and costs stated as $5,722,249.35); Dkt. 18, Plan. Br. at 23-24 (same); Dkt. 35, Plan Reply Br. at 39 (same). There has never been a dispute between the parties that this figure represents eighty percent of the attorneys' fees and costs sought by the Plan. *See, e.g.*, Dkt. 35, Plan Reply Br. at 39.

— *Prejudgment interest*. The arbitrator's Final Award granted the Plan "[p]re-judgment interest ... at the New York statutory rate of 9%," applied to the amounts owed except for attorneys' fees and costs. Dkt. 21-2 at 12 (FA). In its Memorandum Opinion, the Court determined that the "award is confirmed as to prejudgment interest." Dkt. 59 at 27. Because the Court declined to award post-award prejudgment interest, *id.*, the time period over which interest

is calculated ends on August 4, 2021, the day the Final Award was rendered. Accordingly, prejudgment interested calculated at a rate of 9% on the $1,929,836.07 in "Day One" fees, runs from the date when the "Day One" fees were collected by White Oak (December 31, 2013[2]) through August 4, 2021, and totals $1,319,532.02. Similarly, the time period for calculating prejudgment interest on the assets to be returned to the Plan runs from September 18, 2018 (the date on which the arbitrator held that the IMA terminated and White Oak was obliged to return the Plan's assets[3]), through August 4, 2021.

The Plan respectfully requests that the Court correct the Judgment to reflect each of these components, as well as to make two grammatical corrections, which corrections would serve the purposes of clarity and permitting enforcement of the Court's Judgment.

*     *     *

Accordingly, Petitioners respectfully move this Court to make the following corrections to its Judgment:

1. The first sentence of the Judgment should be corrected to read (deletions are indicated by strike-through; additions are indicated by underline):

   > That for the reasons stated in the Court's Memorandum and Opinion dated March 17, 2022, White Oak's motion is granted to the very limited extent that the award is modified as described ~~about~~ in the Memorandum Opinion solely with respect to White Oaks' retention of the IMA management fee and denied in all other respects.

---

[2] *See* Dkt. 30-2, Phillips Decl., Ex. M at 6 (Exhibits to Mr. Simon's response expert affidavit) (prejudgment interest calculated on "Day One" fees beginning Dec. 31, 2013); Dkt. 21-11, Phillips Decl., Ex. K at 2 (Statement of Capital Account for the Quarter Ending Dec. 31, 2013) (reflecting "Day One" fees).

[3] *See* Dkt. 21-1 at 17-18 (PFA) (IMA terminated on September 18, 2018); *see also* Dkt. 30-2, Phillips Decl., Ex. M at 3 (Exhibits to Mr. Simon's response expert affidavit) (calculating prejudgment interest on NAV of Plan assets beginning Sept. 30, 2018).

2. The second sentence of the Judgment should be corrected to read (deletions are indicated by strike-through; additions are indicated by underline):

> The Plan's petition to confirm the arbitration award, consisting of the PFA and the FA and as modified by the preceding ~~paragraph~~ <u>sentence</u>, is granted in all respects.

3. The following text should be added after the second sentence in the Judgment, which text makes explicit the relief awarded by the arbitrator and confirmed by the Court:

> Accordingly, the Court confirms the following relief awarded in favor of the Plan: (i) removal of White Oak as fiduciary and investment manager; (ii) disgorgement of profits; (iii) disgorgement of the "Day One" management fees in the amount of $1,929,836.07, plus prejudgment interest at 9% per annum in the amount of $1,319,532.02; (iv) disgorgement of the net asset value of the Plan's assets as of August 4, 2021, with prejudgment interest at 9% per annum running from September 18, 2018 to August 4, 2021; and (v) $5,722,249.35 in attorneys' fees and costs.

Dated: New York, New York
April 11, 2022

                                    COVINGTON & BURLING LLP

                                    By: *s/C. William Phillips*
                                          C. William Phillips
Jonathan M. Sperling
Cléa P.M. Liquard
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
212-841-1000
cphillips@cov.com
jsperling@cov.com
cliquard@cov.com

Robert Newman
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
202-662-6000
rnewman@cov.com

*Attorneys for Petitioners Trustees of the New York State Nurses Association Pension Plan*