**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| THE TRUSTEES OF THE NEW YORK | ) | |
| STATE NURSES ASSOCIATION | ) | |
| PENSION PLAN, | ) | |
| | ) | |
|         Petitioners, | ) | Case No. 21-cv-8330 (LAK) |
| | ) | |
| v. | ) | |
| | ) | |
| WHITE OAK GLOBAL ADVISORS, LLC, | ) | |
| | ) | |
|         Respondent. | ) | |

**MEMORANDUM OF WHITE OAK GLOBAL ADVISORS, LLC**
**IN SUPPORT OF ITS MOTION TO VACATE THE MARCH 17, 2022 JUDGMENT**
**FOR LACK OF SUBJECT MATTER JURISDICTION**

SIDLEY AUSTIN LLP
James Heyworth
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

and

Thomas K. Cauley, Jr. (*pro hac vice*)
Steven E. Sexton (*pro hac vice*)
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

*Attorneys for Respondent White Oak*
*Global Advisors, LLC*

## TABLE OF CONTENTS

Page

INTRODUCTION ....................................................................................................................1

ARGUMENT .........................................................................................................................4

I.  The Trustees' Basis for Subject Matter Jurisdiction in this Court Is
    Insufficient Under Recent U.S. Supreme Court Precedent. ...................................4

II.  There Is No Independent Basis for Subject Matter Jurisdiction in this Court. ........5

    A.  The Trustees' Petition to Confirm Does Not Present a Federal
        Question. .......................................................................................................5

    B.  Diversity Jurisdiction Does Not Exist. ......................................................12

III.  Because the Court Lacks Subject Matter Jurisdiction, the March 17, 2022
      Judgment Is Void and Should be Vacated. ...........................................................14

CONCLUSION.....................................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Americold Realty Tr. v. Conagra Foods, Inc.*,
   577 U.S. 378 (2016)................................................................................................13

*Badgerow v. Walters*,
   No. 20-1143, 142 S. Ct. 1310, 2022 WL 959675 (U.S. Mar. 31, 2022)........................ *passim*

*Da Silva v. Kinsho Int'l Corp.*,
   229 F.3d 358 (2d Cir. 2000).................................................................................1, 15

*Palazzo ex rel Delmage v. Corio*,
   232 F.3d 38 (2d Cir. 2000)................................................................................13, 14

*Doscher v. Sea Port Group Securities, LLC*,
   832 F.3d 372 (2d Cir. 2016).................................................................................10

*Durant, Nichols, Houston, Hodgson, & Cortese-Costa P.C. v. Dupont*,
   565 F.3d 56 (2d Cir. 2009).................................................................................15

*Goldman v. Citigroup Glob. Mkts. Inc.*,
   834 F.3d 242 (3d Cir. 2016)...................................................................................7

*Goldstick v. ICM Realty*,
   788 F.2d 456 (7th Cir. 1986) ...............................................................................13

*Greenberg v. Bear, Stearns & Co.*,
   220 F.3d 22 (2nd Cir. 2000)............................................................................10, 11

*Hall St. Assocs., L.L.C. v. Mattel, Inc.*,
   552 U.S. 576 (2008)...............................................................................................6

*Harper v. Va. Dept. of Taxation*,
   509 U.S. 86 (1993)..............................................................................................2, 5

*Herrick Co. v. SCS Commc'ns, Inc.*,
   251 F.3d 315 (2d Cir. 2001)...............................................................................12

*Jean-Louis v. Carrington Mortg. Servs., LLC*,
   849 F. App'x 296 (2d Cir. 2021) .........................................................................14

*Joseph v. Leavitt*,
   465 F.3d 87 (2d Cir. 2006)...................................................................................15

*Kennedy v. Trs. of Testamentary Tr. of Last Will*,
    633 F. Supp. 2d 77 (S.D.N.Y. 2009), *aff'd*, 406 F. App'x 507 (2d Cir. 2010)......................13

*KMS Interests, Inc., v. Starr Surplus Lines Ins. Co.*,
    21 Civ. 2357 (KPF), 2022 WL 912948 (S.D.N.Y. Mar. 29, 2022) ..................................12, 14

*Makarova v. United States*,
    201 F.3d 110 (2d Cir. 2000).........................................................................................................5

*Merrell Dow Pharms. Inc. v. Thompson*,
    478 U.S. 804 (1986).....................................................................................................................8

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
    460 U.S. 1 (1983).........................................................................................................................6

*Navarro Sav. Ass'n v. Lee*,
    446 U.S. 458 (1980)...................................................................................................................13

*Pan Am. Petroleum Corp. v. Superior Court*,
    366 U.S. 656 (1961).....................................................................................................................7

*Phillips Petroleum Co. v. Texaco Inc.*,
    415 U.S. 125 (1974).....................................................................................................................7

*U.S. Liab. Ins. Co. v. M Remodeling Corp.*,
    444 F. Supp. 3d 408 (E.D.N.Y. 2020) ......................................................................................14

*United States v. Forma*,
    42 F.3d 759 (2d Cir. 1994).........................................................................................................15

*Vaden v. Discover Bank*,
    556 U.S. 49 (2009)...............................................................................................................2, 6, 8

*Vera v. Banco Bilbao Vizcaya Argentaria, S.A.*,
    946 F.3d 120 (2d Cir. 2019).......................................................................................................15

*Weiss v. Sallie Mae, Inc.*,
    939 F.3d 105 (2d Cir. 2019).......................................................................................................10

**Statutes**

28 U.S.C. § 1331....................................................................................................................................1, 7

28 U.S.C. § 1332.......................................................................................................................................12

Employee Retirement Income Security Act of 1974 ............................................................... *passim*

Federal Arbitration Act ............................................................................................................ *passim*

**Other Authorities**

Fed. R. Civ. P. 59(e) ...................................................................................................................1

Fed. R. Civ. P. 60(b)(4)...............................................................................................................1

## INTRODUCTION

Pursuant to Rules 59(e) and 60(b)(4) of the Federal Rules of Civil Procedure,[1]
Respondent White Oak Global Advisors, LLC ("White Oak") submits this memorandum in
support of its motion to vacate the Court's March 17, 2022 judgment for lack of subject matter
jurisdiction. A party's objection to subject matter jurisdiction can be raised at any time, and
cannot be waived.  Petitioners, The Trustees of the New York State Nurses Association Pension
Plan (the "Trustees"), bear the burden of establishing subject matter jurisdiction.  Because
subject matter jurisdiction is absent in this case, the Court's March 17, 2022 judgment is void
and should be vacated.

The Trustees brought this action to confirm an arbitration award pursuant to Section 9 of
the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9.  White Oak then cross-moved to vacate the
portion of the arbitration award relating to attorneys' fees and costs.  In their petition to confirm
the arbitration award (the "Petition"), the Trustees alleged that this Court had subject matter
jurisdiction to confirm the arbitration award pursuant to 28 U.S.C. 1331 because the underlying
arbitration involved a dispute concerning federal law, namely, whether White Oak violated the
Employee Retirement Income Security Act of 1974 ("ERISA").  Dkt. 14-1 ¶ 5.  On March 17,
2022, the Court issued a memorandum opinion confirming in part the arbitration award, and
entered judgment thereon.  Dkt. 59 & 60.

The U.S. Supreme Court recently and squarely held that the basis for federal court
jurisdiction alleged in the Petition is not a proper basis for federal court jurisdiction.  In an

---

[1] Rule 59(e) provides that a motion to alter the judgment may be filed no later than 28 days after the entry of the judgment.  This motion – which is filed within 28 days of the March 17, 2022 judgment – is therefore timely.  Rule 60(b)(4) provides that the court may relieve a party from a final judgment if the judgment is void.  Here, the March 17, 2022 judgment is void because it was issued without subject matter jurisdiction over this action.  *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 362 (2d Cir. 2000) ("[A] judgment rendered by a court lacking subject matter jurisdiction is subject to collateral attack as void.").

opinion issued on March 31, 2022 – after the Court's March 17 Memorandum Opinion and

Judgment were issued – the U.S. Supreme Court held that a district court does not have federal

question jurisdiction to confirm or vacate an arbitration award simply because the underlying

arbitration proceeding involved a federal question, such as alleged violations of ERISA law.

*Badgerow v. Walters*, No. 20-1143, 142 S. Ct. 1310, 2022 WL 959675, at *3 (U.S. Mar. 31,

2022).  That is, the Supreme Court rejected the "look through" approach for federal question

jurisdiction, whereby the district court would have federal question jurisdiction over a petition to

confirm or vacate an arbitration award simply because the arbitration involved a federal claim or

question.  Rather, the Supreme Court held that an independent basis for subject matter

jurisdiction must exist for the district court to have jurisdiction to confirm or vacate an

arbitration award.  *Id.*  (And as discussed below, the FAA does not provide a basis for federal

court jurisdiction.)

     The *Badgerow* decision is directly applicable to this case, because this case is still open

on direct review.  Under Supreme Court precedent, the Supreme Court's recent *Badgerow*

decision "must be given full retroactive effect in all cases still open on direct review[.]"  *Harper*

*v. Va. Dept. of Taxation*, 509 U.S. 86, 97 (1993).  Thus, because the only basis for subject matter

jurisdiction over the Petition is that the underlying dispute involved federal claims under ERISA,

this court lacks subject matter jurisdiction under *Badgerow*.

     Here, there is no independent basis for this Court's subject matter jurisdiction over the

Petition, as required by *Badgerow*.  The Petition itself does not present any federal questions – it

simply sought to confirm the arbitrator's award pursuant to the FAA.  Long before *Badgerow* the

Supreme Court held that the FAA does not confer jurisdiction on this Court to confirm an

arbitration award.  *E.g., Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009) (holding that the FAA

"'bestow[s] no federal jurisdiction but rather requir[es] [for access to a federal forum] an independent jurisdictional basis' over the parties' dispute") (citation omitted).  As the Supreme Court again recently explained, "the enforceability of an arbitral award . . . is no more than a contractual resolution of the parties' dispute – a way of settling legal claims," which must be resolved in state court, absent an independent basis for federal court jurisdiction.  *Badgerow*, 2022 WL 959675, at *5.  The Petition itself does not raise any federal questions, and now that district courts are precluded by *Badgerow* from looking through to the claims brought in the underlying arbitration, there is no basis for federal question jurisdiction.

In a recent letter to White Oak, the Trustees argued that federal question jurisdiction exists for their Petition because White Oak's cross-motion to vacate the award raised a federal question.  However, federal question jurisdiction is determined solely by reference to the Trustees' original petition to confirm the arbitration award, which plainly did not raise any federal questions.  Whether White Oak's subsequent cross-motion to vacate the arbitration award presented a federal question is irrelevant to federal question jurisdiction.  In any event, White Oak's petition to vacate did not raise any federal questions.  In short, the Trustees cannot meet their burden of establishing that the Court had federal question jurisdiction over the Petition.

Nor can the Trustees establish diversity jurisdiction.  Diversity jurisdiction does not exist because at least one of the Trustees is a citizen of the same state as at least one of White Oak's partners (who are the ultimate members of White Oak).  Indeed, the Trustees appear to concede that diversity jurisdiction does not exist.

The Trustees bear the burden of establishing subject matter jurisdiction.  A judgment entered by a district court that lacked subject matter jurisdiction is void and of no effect.  Here,

3

this Court lacked subject matter jurisdiction over this action.  Accordingly, the Court's March 17, 2022 judgment is void and should be vacated.

## ARGUMENT

**I.      The Trustees' Basis for Subject Matter Jurisdiction in this Court Is Insufficient Under Recent U.S. Supreme Court Precedent.**

On October 19, 2021, the Trustees filed their petition to confirm an arbitration award pursuant to Section 9 of the FAA.  Dkt. 14-1.  The Trustees alleged that "[j]urisdiction exists under 28 U.S.C. § 1331 and 9 U.S.C. § 9" of the FAA because the "underlying subject matter of the dispute that was arbitrated involves" ERISA.  *Id.* at ¶ 5.  Thereafter, White Oak petitioned to vacate the arbitration award in part.  Dkt. 10.  Pursuant to then-existing Second Circuit caselaw, White Oak also alleged that this Court had subject matter jurisdiction to vacate the arbitration award because the arbitration involved federal questions under ERISA.  Dkt. 12 at 9-10.  On March 17, 2022, the Court issued a memorandum opinion confirming in part the arbitration award, and entered judgment thereon.  Dkt. 59 & 60.

On March 31, 2022, the U.S. Supreme Court issued an opinion holding that a district court does not have federal question jurisdiction to confirm or vacate an arbitration award solely because the underlying arbitration involved a question of federal law, *Badgerow,* 2022 WL 959675 – which was the sole basis alleged by the Trustees for subject matter jurisdiction over the Petition in this Court (Dkt. 14-1 ¶ 5).  In *Badgerow*, the district court found that it had federal question jurisdiction to vacate or confirm an arbitration award because the underlying arbitration involved an employment claim under federal law.  *Id.* at *3.  The Fifth Circuit affirmed, but the Supreme Court reversed.  *Id.* at *4.  The Supreme Court held that federal question jurisdiction does not exist simply because the underlying arbitration involved a federal claim.  *Id.* at **5-6. Rather, the Supreme Court held that an action to confirm or vacate an arbitration award pursuant

4

to Section 9 or 10 of the FAA must have "an independent jurisdictional basis." *Id.* at **5-6.  The Supreme Court explained that an independent jurisdictional basis exists if there is diversity jurisdiction or if the petition to confirm or vacate "alleges that federal law (beyond Section 9 or 10 [of the FAA] itself) entitles the applicant to relief[.]" *Id.* at *5.  The Supreme Court's decision is directly applicable to this case.  *Harper*, 509 U.S. at 97 ("[w]hen this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule.").

Thus, under *Badgerow*, the Trustees' allegation that the underlying arbitration involved questions of federal law is not sufficient to confer subject matter jurisdiction on this Court to resolve the Petition to confirm the arbitration award.

## II.      There Is No Independent Basis for Subject Matter Jurisdiction in this Court.

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  The Petition does not allege an independent basis for jurisdiction in this Court to confirm the arbitration award, and White Oak is not aware of any independent basis for subject matter jurisdiction in this case.

### A.      The Trustees' Petition to Confirm Does Not Present a Federal Question.

In a letter dated April 5, 2022, White Oak notified counsel for the Trustees of the recent *Badgerow* Supreme Court decision and raised the issue of whether subject matter jurisdiction existed in this Court.  On April 11, 2022, counsel for the Trustees summarily asserted – without citing any authority – that the Court had subject matter jurisdiction because the Petition "itself arises under and seeks to enforce federal law."  Ex. B to McKee Decl.  The Petition did not

present any federal questions and does not seek to enforce any federal law that would give rise to subject matter jurisdiction.

The Petition was brought solely under the FAA, and did not seek to enforce or interpret any federal law.  Dkt. 14-1 ¶ 5.  Rather the Trustees simply asked the Court to enter an order confirming the arbitration award wholesale pursuant to Section 9 of the FAA.  *Id.* at 7.  Although the Trustees moved to confirm the arbitration award pursuant to the FAA, the Supreme Court has repeatedly held that seeking to confirm an arbitration award pursuant to the FAA does *not* itself confer federal jurisdiction on the district court.  *Vaden*, 556 U.S. at 59; *Hall St. Assocs., L.L.C. v. Mattel, Inc*., 552 U.S. 576, 582 (2008); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 26 n.32 (1983) (The FAA "creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction.").  *See also Badgerow*, 2022 WL 959675, at *17 ("Finally, we can see why Congress chose to place fewer arbitration disputes in federal court than Walters wishes.  The statutory plan . . . makes Section 9 and 10 applications conform to the normal – and sensible – judicial division of labor: The applications go to state, rather than federal, courts when they raise claims between non-diverse parties" that do not involve federal law).  Indeed, the Supreme Court explained that "the enforceability of an arbitral award . . . is no more than a contractual resolution of the parties' dispute – a way of settling legal claims."  *Badgerow,* 2022 WL 959675, at *5.  *Badgerow* explains that "quarrels about legal settlements – even settlements of federal claims" – must be brought in state court.  *Id.*

The Petition simply asked this Court to issue "an order confirming the Partial Final Award and Final Award."  Dkt. 14-1 at 7.  The Petition does not present any federal questions or

ask the Court to make any rulings on federal law.  *Id.*  As such, the Petition did not present a federal question under Section 1331.

In their April 11 letter, the Trustees also incorrectly asserted – again without citing any authority – that federal question jurisdiction exists for the Petition, because White Oak's petition to vacate "presents a federal question on its face."  Ex. B.  First, White Oak's subsequently filed cross-motion to vacate is completely irrelevant to whether the Court had subject matter jurisdiction over the Trustees' originally-filed Petition to confirm the arbitration award.  But, in any event, White Oak's petition to vacate does not present any federal questions.

The jurisdictional standards that apply for determining whether a complaint presents a federal question also apply for determining whether a petition to confirm an arbitration award presents a federal question.  "It is settled doctrine that a case is not cognizable in a federal trial court, in the absence of diversity of citizenship, unless it appears from the face of the complaint that determination of the suit depends upon a question of federal law."  *Pan Am. Petroleum Corp. v. Superior Court*, 366 U.S. 656, 663 (1961).  *See also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  "The federal questions must be disclosed upon the face of the complaint unaided by the answer."  *Phillips Petroleum Co. v. Texaco Inc*., 415 U.S. 125, 127-28 (1974) (citations omitted).  Likewise, for the district court to have subject matter jurisdiction over a petition to confirm an arbitration award, the petition itself must allege a basis for federal jurisdiction.  *See Badgerow*, 2022 WL 959675, at *3 ("[A] court may look only to the application actually submitted to it in assessing its jurisdiction" over a petition to confirm an arbitration award); *Goldman v. Citigroup Glob. Mkts. Inc*., 834 F.3d 242, 249 (3d Cir. 2016) ("[T]he party asserting jurisdiction [over a petition to confirm an arbitration award] must satisfy

7

the 'well-pleaded complaint rule,' which mandates that the grounds for jurisdiction be clear on the face of the pleading that initiates the case.") (citation omitted).

Just as responsive pleadings to a complaint cannot form the basis for federal question jurisdiction, any pleadings filed in response to the petition to confirm, such as a motion to vacate, which is analogous to a counterclaim, are irrelevant to whether federal question jurisdiction exists over the petition to confirm.  That is because "a federal counterclaim, even when compulsory, does not establish "arising under" [federal] jurisdiction."  *Vaden*, 556 U.S. at 60-61 (holding that a district court has jurisdiction under Section 4 of the FAA to compel arbitration if the underlying arbitration demand involves a federal question, but not if the only federal question in the arbitration is presented in an actual or potential counterclaim), citing *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002); *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("the question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.' A defense that raises a federal question is inadequate to confer federal jurisdiction.") (citation omitted).

Here, the Court did not have federal question jurisdiction over the Trustees' Petition, because that Petition does not allege any federal questions.  White Oak's petition to vacate is irrelevant to whether the Court has subject matter jurisdiction over the Trustees' earlier filed Petition, and cannot, as a matter of law, confer subject matter jurisdiction over the Petition.

In any event, White Oak's petition to vacate does not present a federal question.  As the Supreme Court recently explained in *Badgerow*, federal question jurisdiction exists only if the petition to confirm or vacate "alleges that federal law (beyond Section 9 or 10 [of the FAA] itself) *entitles the applicant to relief[.]*"  *Badgerow,* 2022 WL 959675, at *5 (emphasis added). White Oak's petition to vacate solely relied on the FAA as the basis to vacate the arbitration

8

award (and the FAA is not a basis for federal court jurisdiction).  White Oak's petition to vacate

solely sought to vacate attorneys' fees and costs (and prejudgment interest to the extent

awarded).  The parties agreed on the legal standard governing the award of attorneys' fees.

However, White Oak argued that, under the plain language of the final arbitration award, the

Trustees did not have success at the arbitration and therefore should not be awarded any

attorneys' fees (or prejudgment interest).  White Oak's argument was a straightforward argument

concerning the proper interpretation of the arbitration award and did not present a substantial

federal question.  Thus, because White Oak did not allege that any federal law beyond the FAA

entitled it to relief, White Oak's petition did not present a federal question.

The *Badgerow* decision recognizes that an arbitration award that results from a dispute

concerning the application of federal law is not sufficient to confer federal question jurisdiction.

*Badgerow* explains that such arbitration awards present nothing more than "quarrels about legal

settlements" and *Badgerow* instructs that such quarrels about legal settlements – "even

settlements of federal claims" – must be brought in state court.  *Badgerow,* 2022 WL 959675, at

*5.  As *Badgerow* recognizes, "Congress chose to place fewer arbitration disputes in federal

court" and instead "chose to respect the capacity of state courts to properly enforce arbitral

awards."  *Id.* at **8-9.  So too here, this dispute over the enforcement of the arbitration award

must be resolved in state court.

The Trustees also asserted in their April 11 letter – without citing any authority – that

federal question jurisdiction exists because White Oak's petition to vacate argued that the

arbitrator manifestly disregarded ERISA law.  Ex. B.  Again, federal question jurisdiction only

exists if a federal question is raised in the Petition– which it was not.  Regardless, courts that

have found federal question jurisdiction over a petition to vacate where a petition to vacate

alleges manifest disregard of federal law have applied an exacting standard that is plainly not satisfied in this case.[2]

Long before *Badgerow*, the Second Circuit held that federal question jurisdiction on a motion to vacate exists only if a petition to vacate "complains principally" that an arbitration award manifestly disregarded the law and "federal law forms a key part of the petitioner's complaint about the award."[3] *Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 27 (2nd Cir. 2000).  The nature of the federal question must be "sufficiently substantial to warrant federal jurisdiction." *Id.* at 26 (citation omitted).  The Second Circuit reasoned that only where "a substantial federal question is presented" by a petition to vacate does federal question jurisdiction exists, because the district court must "immerse[]" itself "in questions of federal law and their proper application[.]" *Id.* at 27.

Here, White Oak's petition to vacate did not present a substantial question of federal law. White Oak solely moved to vacate the arbitration award of attorneys' fees and costs, and did not move to vacate the arbitrator's findings on any substantive ERISA claim.  Moreover, White Oak's motion to vacate the award of attorneys' fees and costs did not turn on intricacies of ERISA law.  Rather, as the Court's Memorandum Opinion recognized, White Oak argued that

---

[2] Manifest disregard of the law as a basis for vacating an arbitration award has been described as a "judicial gloss" on the enumerated grounds in Section 10 of the FAA for vacating an award. *Weiss v. Sallie Mae, Inc.*, 939 F.3d 105, 109 (2d Cir. 2019).  However, *Badgerow* calls into doubt whether manifest disregard of federal law constitutes a proper basis for federal question jurisdiction because (1) *Badgerow* held that federal question jurisdiction exists only if the petition to confirm or vacate alleges that federal law "*beyond Section 9 or 10 [of the FAA] itself*") entitles the applicant to relief" (2) litigants could assert manifest disregard of federal law as an end-around *Badgerow's* rejection of the "look-through" approach to federal question jurisdiction, and (3) a manifest disregard of federal law standard for federal jurisdiction would result in more challenges to arbitration proceedings being brought in federal court in contravention of *Badgerow's* acknowledgment that "Congress chose to place fewer arbitration disputes in federal court." *Badgerow,* 2022 WL 959675, at **5, 8.

[3] In *Greenberg*, the Second Circuit also held that the "look through" approach was insufficient to establish federal question jurisdiction, which holding was reversed in *Doscher v. Sea Port Group Securities, LLC*, 832 F.3d 372 (2d Cir. 2016).  Of course, the Supreme Court's *Badgerow* decision now overrules *Doscher*.

the Trustees were not entitled to recover attorneys' fees or costs because the Trustees did not

have success at the arbitration and the attorneys' fees were unreasonable and showed a lack of

billing judgment.  These arguments have nothing to do with ERISA law.  In its March 31, 2022

Memorandum Opinion, the Court stated:

> White Oak challenges the award of attorneys fees on the ground
> that the Arbitrator acted 'in manifest disregard of the law' in
> awarding them.  Specifically, White Oak argues that the fee award
> should be vacated because the Plan 'failed to have *any* success' on
> the merits, 'failed to show that its attorneys' fees were reasonable'
> and submitted invoices that demonstrate 'a severe lack of billing
> judgment.'

Dkt. 59 at 23-24.  White Oak's challenge to the award of attorneys' fees, including its challenge

to the reasonableness of the Trustees' fees and counsel's lack of billing judgment in incurring

attorneys' fees hardly constitutes a "substantial federal question" under *Greenberg* sufficient to

give rise to federal question jurisdiction.[4]

Indeed, this Court was not asked to interpret or rule on any questions of federal law or to

"immerse" itself in ERISA law to resolve White Oak's petition to vacate.  White Oak and the

Trustees agreed as to the legal standard for awarding attorneys' fees and costs under ERISA, *i.e.*,

that ERISA allows for a discretionary award of attorneys' fees to plaintiffs who have "some

success" on the merits of their claims.  White Oak simply argued that based on the findings in

the final arbitration award itself, the Trustees had not been successful in the arbitration.  White

Oak's argument presents nothing more than a dispute about the proper interpretation of the final

arbitration award.  White Oak's petition nowhere presents a substantial question concerning the

---

[4] Likewise, White Oak's argument that the arbitrator erred in awarding certain expert costs to the Trustees did not present a substantial federal question.  Those expert costs constituted a small portion of the overall attorneys' fees and costs award to the Trustees.  As such, those expert costs did not form a "key part" of White Oak's petition to vacate.

interpretation or application of federal law.  As such, White Oak's petition to vacate does not present a basis for federal question jurisdiction.

In summary, because the Petition did not present a federal question, this Court did not have federal question jurisdiction over this action.  White Oak's cross-motion to vacate the arbitration award is insufficient as a matter of law to establish federal question jurisdiction over the Trustees' Petition.  In any event, White Oak's petition to vacate did not raise a federal question.

### B.     Diversity Jurisdiction Does Not Exist.

Diversity jurisdiction under Section 1332 likewise does not exist in this case, and the Trustees did not allege diversity jurisdiction in their petition to confirm the arbitration award. Indeed, White Oak noted in its April 5 letter to the Trustees that it did not believe that diversity jurisdiction exists in this case.  The Trustees' April 11 letter did not dispute White Oak's assertion or contend that diversity jurisdiction exits.  *See* Ex. B.

"[I]t is well established that the party seeking to invoke [diversity] jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist[.]"  *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (quotation marks and citation omitted).  "Diversity jurisdiction requires complete diversity between the parties, meaning that no plaintiff has the same citizenship as any defendant."  *KMS Interests, Inc., v. Starr Surplus Lines Ins. Co.*, 21 Civ. 2357 (KPF), 2022 WL 912948, at *2 (S.D.N.Y. Mar. 29, 2022)).  "For purposes of diversity jurisdiction, the relevant date in determining a party's domicile is the date on which the complaint was filed."  *KMS Interests, Inc.*, 2022 WL 912948, at *5 (quotation marks and citation omitted).  Thus, the relevant date in this case for determining whether diversity jurisdiction exists is when the Trustees filed their petition to confirm the arbitration award.

12

The Trustees filed their petition to confirm the arbitration award on October 19, 2021. Dkt. 14-1.  The Petition states that the "Petitioners are the Trustees ('Trustees') of the New York State Nurses Association Pension Plan [the "Plan"], who bring this action on behalf of the Plan." *Id.* at ¶ 3.  A list of the Trustees as of December 2020 and current through this date is contained on the Plan's website.  McKee Decl. ¶ 4, Ex. A.  "[W]hen a trustee files a lawsuit in her name [as the Trustees have done here], her jurisdictional citizenship is the State to which she belongs—as is true of any natural person."  *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 382-83 (2016), reaffirming *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465 (1980).  *See also Goldstick v. ICM Realty*, 788 F.2d 456, 458 (7th Cir. 1986) ("The citizenship of a trust is determined for purposes of diversity jurisdiction by the citizenship of the trustee or, in this case, trustees, all of whom must be citizens of a different state from the plaintiff for the suit to be maintained under the diversity jurisdiction."), citing *Navarro Sav. Ass'n*, 446 U.S. 458.  "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile."  *Palazzo ex rel Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000).

Based on a review of public records, at least one of the Trustees – Karine M. Raymond – is domiciled in Connecticut.  Based on public records, Ms. Raymond has resided in Connecticut from 2012 to this day, is registered to vote in Connecticut, has a Connecticut driver's license, and has an automobile registered in Connecticut.  McKee Decl. ¶ 5.  Thus, Ms. Raymond is domiciled in Connecticut.  *Kennedy v. Trs. of Testamentary Tr. of Last Will*, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009) ("Factors frequently taken into account [in determining domicile] include current residence, voting registration, driver's license and automobile registration….") (citation omitted), *aff'd*, 406 F. App'x 507 (2d Cir. 2010).  In addition, based on public records, two of the

Trustees – Guy M. Mennonna and David M. Brodsky – have resided in New Jersey since 1998 and 2020, respectively, and continue to reside in New Jersey to this day.[5]

"For purposes of diversity jurisdiction, a limited liability company [such as White Oak] has the citizenship of its members."[6] *Jean-Louis v. Carrington Mortg. Servs., LLC*, 849 F. App'x 296, 298 (2d Cir. 2021). Like one of the Trustees, two of the ultimate members of White Oak are domiciled in Connecticut. Those two ultimate White Oak members have principally resided in Connecticut since 1999 and 2020, respectively, and principally reside in Connecticut to this day. McKee Decl. ¶ 3. They are also registered to vote in Connecticut, have a Connecticut driver's license, and have an automobile registered in Connecticut. *Id.* In addition, like two of the Trustees, two other ultimate members of White Oak principally reside in New Jersey. *Id.* Because both the Trustees and White Oak are domiciled in Connecticut and in New Jersey, diversity jurisdiction does not exist in this case. *Palazzo ex rel. Delmage*, 232 F.3d at 41-42 (finding no diversity jurisdiction where plaintiff and defendant were domiciled in the same state).

## III.    Because the Court Lacks Subject Matter Jurisdiction, the March 17, 2022 Judgment Is Void and Should be Vacated.

Subject matter jurisdiction "is a threshold issue that must be addressed prior to the merits." *KMS Interests, Inc.*, 2022 WL 912948, at \*2 (citation omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Id.*

---

[5] Voting registration and automobile registration information was not publicly available for those two Trustees. McKee Decl. ¶ 5 n.1. Mr. Mennonna's driver's license information was also not publicly available. *Id.* Mr. Brodsky appears to have a New York driver's license as of 2019, which is before he purchased a residence in New Jersey in 2020. *Id.*

[6] White Oak is a wholly owned subsidiary of White Oak Financial, LLC ("White Oak Financial"). McKee Decl. ¶ 2. White Oak Financial's members are individuals (*id.* ¶ 3), two of whom are domiciled in Connecticut as discussed above. *See U.S. Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020) ("[I]f any of an LLC's members are themselves non-corporate entities, then a plaintiff must allege the identity and citizenship of their members, proceeding up the chain of ownership until it has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC.").

quoting Fed. R. Civ. P. 12(h)(3). Courts "have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*." *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). *See also Durant, Nichols, Houston, Hodgson, & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action sua sponte.").

A judgment entered by a district court that lacked subject matter jurisdiction is void, of no effect and must be vacated. *United States v. Forma*, 42 F.3d 759, 762 (2d Cir. 1994) (finding that "if there was no subject matter jurisdiction…then the default judgment entered…is void and must be vacated"); *Da Silva*, 229 F.3d at 362 ("[A] judgment rendered by a court lacking subject matter jurisdiction is subject to collateral attack as void."); *Vera v. Banco Bilbao Vizcaya Argentaria, S.A.*, 946 F.3d 120, 143 (2d Cir. 2019) (finding orders "void *ab initio*" for lack of subject matter jurisdiction).

As discussed, this Court lacks subject matter jurisdiction over this proceeding to confirm or vacate the arbitration award. Accordingly, the Court's March 17, 2022 judgment should be vacated.

## **CONCLUSION**

For the foregoing reasons, the March 17, 2022 judgment should be vacated for lack of subject matter jurisdiction.

Dated: April 13, 2022           Respectfully Submitted,

By: */s/ Thomas K. Cauley, Jr.*

Thomas K. Cauley, Jr. (*pro hac vice*)
Sidley Austin LLP
One South Dearborn St.
Chicago, IL 60603
(312) 853-7076
tcauley@sidley.com

15