# Exhibit B



SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, IL 60603
+1 312 853 7000
+1 312 853 7036 FAX

AMERICA  •  ASIA PACIFIC  •  EUROPE

+1 312 853 7076
TCAULEY@SIDLEY.COM

May 11, 2022

**By Email – cliquard@cov.com**

Clea Liquard
Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, New York  10018-1405

Re:     *The Trustees of the New York State Nurses Association Pension Plan (the "Plan")*
        *v. White Oak Global Advisors, LLC ("White Oak"), No. 21-cv-8330*

Dear Ms. Liquard:

I write on behalf of White Oak in response to your May 9, 2022 letter on behalf of the Plan's Trustees (the "Trustees").  Your letter claims that in the March 17, 2022 judgment (the "Judgment") the Trustees were granted disgorgement of the Day One fee in the amount of $1.9 million, prejudgment interest on the Day One fee in the amount of $1.3 million, and attorneys' fees and costs in the amount of $5.7 million – $8.9 million in total.  Your letter demands payment of $8.9 million by today.

The Trustees' May 9 letter is inconsistent with the Trustees' pending motion to correct the Judgment.  Although your letter claims that the Judgment orders White Oak to pay $8.9 million, the Trustees' pending motion to correct the Judgment argues that the Judgment does not order White Oak to pay any of the above-referenced amounts and should therefore be amended to order White Oak to pay those amounts.  As you know, White Oak opposes the Trustees' motion to amend the Judgment, because the Judgment was correctly entered by the Clerk as the Court directed.  Further, White Oak opposes the Trustees' motion because, to the extent that the Judgment is amended, White Oak's liability to the Plan should be offset against the over $2.6 million in profits that the Plan received as a result of the Day One provision that the Arbitrator found violated ERISA.  White Oak's opposition also disputes the Trustees' calculation of prejudgment interest on the Day One fee.  The Trustees calculated prejudgment interest going back to December 2013 – even though the Plan did not pay the Day One fee until sometime well after December 2013.

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships.

ACTIVE 281105894

# SIDLEY

Clea Liquard
Covington & Burling LLP
May 11, 2022
Page 2

In addition, White Oak has filed a motion to vacate the Judgment, because the Court lacks subject matter jurisdiction over these proceedings.  If White Oak's motion to vacate the Judgment is granted, the Judgment will be of no force or effect.

For all of these reasons, the Trustees' request for payment on the Judgment is premature pending resolution of the parties' pending motions.  Please confirm by May 16, 2022 that the Trustees will not seek to execute on the Judgment pending resolution of the parties' pending motions.  If the Trustees will not agree to stay execution on the Judgment, White Oak will file a motion to stay enforcement of the Judgment pending resolution of White Oak's motion to vacate the Judgment under Rules 59 and 60, and the Trustees' pending motion to amend the Judgment under Rule 60.  Courts routinely grant a stay of execution of a judgment pending resolution of Rule 59 and 60 motions.  *E.g., Ojeda v. Metro. Transp. Auth.*, 477 F. Supp. 3d 65, 87 (S.D.N.Y. 2020) (granting stay of execution of judgment pending resolution of Rule 59 and 60 motions: "Under Rule 62(b), courts have discretion to stay the execution of a judgment at any time after judgment is entered pending disposition of post-trial motions."); *Real View, LLC v. 20-20 Techs., Inc.*, No. CIV.A. 07-12157-PBS, 2011 WL 3568022, at *2 (D. Mass. Aug. 12, 2011) ("The Court finds it appropriate to stay execution of judgment pending resolution of Real View's [Rule 59 motion]."); *Shelby Co. Healthcare Corp. v. Majestic Star Casino*, No. 06-2549, at *1 (W.D. Tenn. May 13, 2008) ("Exercising its discretion to do so, the Court hereby GRANTS the Plan's motion to stay execution of the judgment pending resolution of its Rule 59 (e) motion[.]").

Sincerely,

/s/ Thomas K. Cauley, Jr.

Thomas K. Cauley, Jr.