# Exhibit E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE TRUSTEES OF THE NEW YORK STATE NURSES ASSOCIATION PENSION PLAN,<br><br>                        Petitioners,<br><br>    v.<br><br>WHITE OAK GLOBAL ADVISORS, LLC,<br><br>                        Respondent. | Civil Action No. 21-cv-08330 (LAK)<br><br>**INFORMATION SUBPOENA AND SUBPOENA *DUCES TECUM*** |

**RE:  WHITE OAK GLOBAL ADVISORS, LLC, Judgment Debtor**

**TO:  FIRST REPUBLIC BANK ("First Republic")**
       1230 Avenue of the Americas (at 48th Street)
       New York, New York 10020

     **WHEREAS**, in an arbitration between the Trustees of the New York State Nurses Association Pension Plan (the "Plan"), and White Oak Global Advisors, LLC ("White Oak"), a final award was entered on August 4, 2021, in favor of the Plan (the "Judgment Creditor") and against White Oak (the "Judgment Debtor"), providing, among other things, that White Oak disgorge the net asset value of the Plan's investments as of the date of the final award, its profits, and some fees, pay prejudgment interest at 9% per annum on these amounts, and pay attorneys' fees and costs (the "Award");

     **WHEREAS**, on March 17, 2022, a judgment was entered confirming the Award in relevant part in the United States District Court for the Southern District of New York (the "Judgment");

     **WHEREAS**, the unpaid components of the Award and Judgment include, but are not limited to:

1. disgorgement of the "Day One" management fees in the amount of $1,929,836.07,

2. interest thereon in the amount of $1,319,532.02; and

3. attorneys' fees and costs in the amount of $5,722,249.35;

**NOW, THEREFORE, WE COMMAND YOU**, pursuant to Federal Rule of Civil Procedure 69(a)(2) and New York Civil Practice Law and Rules 5223 and 5224, to answer the questions posed in Exhibit A ("INFORMATION REQUESTS"), separately, fully, and in writing, under oath, and in accordance with the "DEFINITIONS AND INSTRUCTIONS" herein, and return the original of the questions together with Your answers to the undersigned within seven (7) days of their receipt, on or before May 24, 2022.  An extra copy of this subpoena and a pre-paid, return envelope have been provided for this purpose.  The answers may also be transmitted electronically to the e-mail addresses provided below.

**WE FURTHER COMMAND YOU**, pursuant to Federal Rules of Civil Procedure 45 and 69(a)(2), which incorporate by reference the New York Civil Practice Law and Rules Article 52, to produce for inspection and copying all documents and records described in the attached Exhibit A ("DOCUMENT REQUESTS") now in Your custody or control, in accordance with the "DEFINITIONS AND INSTRUCTIONS" herein, at the offices of counsel for the Plan, Covington & Burling LLP, The New York Times Building, 620 Eighth Avenue, New York, NY 10018, on or before May 31, 2022.  This production may also be completed electronically to the e-mail addresses provided below.

**PLEASE TAKE NOTICE THAT** false swearing on such examination or failure to comply with this subpoena is punishable as contempt of court.

## CERTIFICATION

I, C. William Philips, hereby certify that the information subpoena component of this subpoena complies with Rule 5224 of the Civil Practice Law and Rules and Section 601 of the General Business Law that I have a reasonable belief that the party receiving this subpoena has in their possession information about the Judgment Debtor that will assist the Judgment Creditor in collecting the Judgment.

Dated: New York, New York
May 17, 2022

By: _____
C. William Phillips
Jonathan Sperling
Cléa P.M. Liquard

COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: (212) 841-1000
cphillips@cov.com
jsperling@cov.com
cliquard@cov.com

*Attorneys for Judgment Creditors
the Trustees of the New York State
Nurses Association Pension Plan*

# EXHIBIT A

# DEFINITIONS AND INSTRUCTIONS

1. The Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3 of the Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules") are incorporated herein by reference, including (without limitation) the following definitions and rules of construction set forth in the rule:

    (a) *All/Each*. The terms "all" and "each" shall be construed as all and each.

    (b) *And/Or*. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

    (c) *Communication*. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

    (d) *Concerning*. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

    (e) *Document*. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

    (f) *Identify (with respect to documents)*. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

    (g) *Identify (with respect to persons)*. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

    (h) *Number*. The use of the singular form of any word includes the plural and vice versa.

        (i) *Person*.  The term "person" is defined as any natural person or any business, legal or governmental entity or association.

2.    "Including" or "includes" means including without limitation.

3.    "White Oak" or "Judgment Debtor" means White Oak Global Advisors, LLC and any of its present or former directors, officers, principals, employees, agents, attorneys, parents, affiliates, subsidiaries, investigators, accountants, representatives, or other person or entity acting on its behalf or for its benefit.

4.    "The Plan" or "Judgment Creditor" means the Trustees of the New York State Nurses Association Pension Plan and any of its present or former employees, agents, attorneys, investigators, accountants, representatives, trustees, or other person or entity acting on its behalf or for its benefit.

5.    "First Republic," "You," and "Your" means First Republic Bank and any of its present or former directors, officers, principals, employees, agents, attorneys, investigators, accountants, representatives, or other person or entity acting on its behalf or for its benefit, as well as any parent, affiliate, or subsidiary entities.

6.    "Account" means any account containing cash, securities, commodities or other cash-equivalents owned in whole or in part by White Oak, that is located, held, or maintained within the United States or elsewhere.

7.    "Asset" means any real property or other non-cash asset owned in whole or in part by White Oak that is located, held, or maintained within the United States or elsewhere.

8.    "Closed Account" means any account that contained cash, securities commodities, or other cash-equivalents owned in whole or in part by White Oak, that was located, held, or maintained within the United States or elsewhere, and that was closed on or after August 1, 2021.

9. "Debt" means any amount, in whatever form or currency, owed to White Oak by any person or entity.

10. "Entity" means any individual, partnership, corporation (including a business trust), joint stock company, limited liability company, trust, unincorporated securities, joint venture, or other entity.

11. "Referring or relating to" means concerning, evidencing, referring to, relating to, arising from, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, or constituting.

12. Set forth the text of a given Request before Your response to that Request.

13. Each of these Requests is to be construed independently and shall not be referenced to any other request for the purpose of the limitation.

14. In answering any Request, provide all documents and information that are available to You, regardless of where such documents or information are located.

15. Unless otherwise noted, these Requests seek all responsive information in the possession, custody, or control of the answering party that was generated, prepared, or received at any time during the period from August 1, 2020, to the present or that concerns any event that occurred during that period.

16. In the event any objection is made to Requests on the grounds that a Request calls for disclosure of information purportedly protected by privilege or work product protection, such objection shall state with specificity all grounds relied upon and all facts on which You rely to support the validity of Your objection. If an objection pertains to only a portion of a Request, or a word, phrase, or clause contained therein, You are required to respond to the remainder of the Request.

17. No part of any Request may be left unanswered merely because an objection is interposed to another part of the Request.

18. With respect to each Request for which a claim of privilege is asserted in whole or in part, provide a privilege log containing all information required to establish the purported privilege, including, but not limited, to, the following: (i) the author(s) and recipient(s) of the communication, information or document; (ii) the date of the communication, information, or document; (iii) the nature (*e.g.* letter or memorandum); (iv) the subject matter of the communication, information, or document; and (v) the ground upon which the communication, information, or document is withheld from production.

19. If in answering these Requests You encounter any ambiguity in construing any Request or any applicable definition or instruction, set forth the matter deemed ambiguous and the construction selected or used in answering the Request.

20. If a document otherwise responsive to these Requests has been lost or destroyed, state and identify the Request to which the document relates and specify:

    (a) The subject matter and substance of the document,

    (b) The date of the document,

    (c) The name(s) and address(es) of each person who prepared, discussed, received, viewed, or otherwise possessed or controlled the document, and

    (d) The date, place, manner, reason, and circumstances of said loss or destruction.

21. The information and documents called for by these Requests shall be produced as they have been kept in the ordinary course of business.

22. A complete or original copy of each document or thing must be produced even if only a portion of such document or thing is responsive to one of the numbered requests contained herein. Documents shall not be edited, cut, redacted (except pursuant to a claim of privilege) or expunged, and shall include all attachments, appendices, tables and exhibits and all covering memoranda, letters or documents. Things (e.g., computer data tapes) shall not be altered or modified, unless otherwise directed.

23. These Requests are to be deemed continuing so as to require further and supplemental response as additional responsive information or documents are obtained or located, from the time of the initial response to the time that the Award and Judgment are satisfied or vacated.

## INFORMATION REQUESTS

1. For each and every First Republic Account held by White Oak or in which White Oak has an interest, either directly or indirectly, state:

    (a) The number of the Account;

    (b) The name and address of the First Republic branch where the Account was opened;

    (c) The name and address of the First Republic branch where the Account is maintained;

    (d) The date on which the Account was opened;

    (e) The current balance of the Account;

    (f) The opening balance of the Account;

    (g) The balance in the Account at the end of each month since inception of the Account;

    (h) The nature, type, or category of the Account, including any restrictions on the Account; and

    (i) The name of each Account holder and authorized signatory on the Account.

2. For each and every First Republic Closed Account previously held by White Oak or in which White Oak had an interest, either directly or indirectly, state:

    (a) The number of the Closed Account;

    (b) The name and address of the First Republic branch where the Closed Account was opened;

        (c) The name and address of each First Republic branch where the Closed Account was maintained;

        (d) The date on which the Closed Account was opened;

        (e) The identity of the individual who opened the Closed Account;

        (f) The opening balance of the Closed Account;

        (g) The date on which the Closed Account was closed;

        (h) The identity of the individual who closed the Closed Account;

        (i) The reason for closing the Closed Account;

        (j) The nature, type, or category of the Closed Account, including any restrictions on the Closed Account;

        (k) The balance of the Closed Account on the date it was closed; and

        (l) The name or names appearing on the Closed Account.

3. For each and every First Republic safety deposit box and/or trust held by White Oak or in which White Oak has an interest, either directly or indirectly, state:

        (a) The safety deposit box and/or trust number, or other identifying code or characteristic;

        (b) The name and address of the First Republic branch where the safety deposit box and/or trust was opened;

        (c) The name and address of the First Republic branch where the safety deposit box and/or trust is maintained;

        (d) The nature, type, or category of the trust, or the size of the safety deposit box;

        (e) Any restrictions on the safety deposit box and/or trust,

    (f) The date on which the safety deposit box or trust was opened;

    (g) For safety deposit boxes, any records of the past or present contents of the safety deposit box;

    (h) For trusts, the opening balance of the trust;

    (i) For trusts, the current balance of the trust; and

    (j) The name or names appearing on the safety deposit box and/or trust.

  4. For each and every Asset owned in whole or in part by White Oak that is known to You, identify:

    (a) The Asset;

    (b) The value of the Asset;

    (c) The form of the Asset (i.e., real property, securities, etc.);

    (d) The location of the Asset, including without limitation the name and address of the custodian that holds the Asset, if any; and

    (e) Any encumbrances on the Asset, including without limitation the name and address of the person or entity who holds the encumbrance, the value of the encumbrance, the date the encumbrance was placed on the Asset, and the reason the encumbrance was placed on the Asset.

  5. For each and every Debt held by White Oak or in which White Oak has an interest, either directly or indirectly, that is known to You, state:

    (a) The name and address of the debtor;

    (b) If the debtor is an entity, the name, address, phone number and email of a contact at the entity that owes the Debt;

    (c) The date the Debt was incurred;

    (d) The reason the Debt was incurred;

    (e) The original amount of the Debt, including the form or currency in which it is owed; and

    (f) The current amount of the Debt, including the form or currency in which it is owed.

6.     Identify the name, address, phone number, and e-mail address of White Oak's primary contact at First Republic.

## DOCUMENT REQUESTS

1. With respect to each and every First Republic Accounts or Closed Accounts or trusts held by White Oak or in which White Oak has an interest, either directly or indirectly, all statements and other records of account activity and balances from August 1, 2020, to present.

2. With respect to each and every First Republic safety deposit box held by White Oak or in which White Oak has an interest, either directly or indirectly, all records pertaining to the box, including when the box was opened and when it was accessed and by whom.

3. All contracts and agreements concerning each and every First Republic Account or Closed Account, safety deposit box, and/or trust held by White Oak or in which White Oak has an interest, either directly or indirectly.

4. All documents concerning each and every Asset owned in whole or in part by White Oak or Debt held by White Oak or in which White Oak has an interest, either directly or indirectly, that is known to You.

5. All documents concerning any encumbrances on any Account, Closed Account, safety deposit box, trust, Asset, or Debt held by White Oak or in which White Oak has an interest, either directly or indirectly.