UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
THE TRUSTEES OF THE NEW YORK STATE
NURSES ASSOCIATION PENSION PLAN,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/14/22

Petitioners,

-against-                                               21-cv-8330 (LAK)

WHITE OAK GLOBAL ADVISORS LLC,

Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER ON POST-JUDGMENT MOTIONS

LEWIS A. KAPLAN, *District Judge.*

This matter again is before the Court, this time on a number of post-judgment motions. The motions are disposed of as follows:

1. Petitioners' motion to correct the judgment (Dkt. 61) is granted to the following extent and otherwise denied. The Clerk shall enter corrected judgment modifying the original judgment (the "Judgment") (Dkt. 60) in the following respects:

   a. The first sentence of the Judgment shall be corrected to read (deletion is indicated by strike-through; additions are indicated by underline):

      > That for the reasons stated in the Court's Memorandum ~~and~~ Opinion dated March 17, 2022, White Oak's motion is granted to the very limited extent that the award is modified as described ~~about~~ <u>in the Memorandum Opinion</u> solely with respect to White Oaks' retention of the IMA management fee and denied in all other respects.

   b. The second sentence of the Judgment shall be corrected to read

2

(deletion is indicated by strike-through; additions are indicated by underline):

> The Plan's petition to confirm the arbitration award, consisting of the PFA and the FA and as modified by the preceding ~~paragraph~~ sentence, is granted in all respects.

    c.    The following text shall be added after the second and before the third sentences in the Judgment:

> Accordingly, the Court confirms the following relief awarded in favor of the Plan: (I) removal of White Oak as fiduciary and investment manager; (ii) disgorgement of profits; (iii) disgorgement of the "Day One" management fees in the amount of $1,929,836.07, plus prejudgment interest at 9 percent per annum in the amount of $1,319,532.02; (iv) disgorgement of the net asset value of the Plan's assets as of August 4, 2021, with prejudgment interest at 9 percent per annum running from September 18, 2018 to August 4, 2021; and (v) $5,722,249.35 in attorneys' fees and costs.

    2.    Respondent moved to stay execution of the Judgment pending resolution of respondent's motion to vacate the Judgment for lack of jurisdiction (Dkt. 63) and Petitioners' motion to amend the Judgment (Dkt. 61), or alternatively, to quash the subpoena the Petitioners issued to SEI Investments Company ("SEI") and to modify the subpoena Petitioners issued to First Republic Bank (Dkt. 75). Insofar as respondent sought a stay, its motion is denied as moot in view of the determination of both respondent's motion to vacate the Judgment (Dkt. 87) and petitioners' motion to correct the Judgment. Its alternative request to quash or modify the subpoenas is without merit, substantially for the reasons set forth in Petitioners' memorandum in opposition to the motion (Dkt 79, at 16-24). That would be so regardless of whether respondent has standing to challenge the subpoenas on the grounds that it has assigned.

    3.    Petitioners' motion (Dkt. 83) to compel SEI to comply with the subpoena

3

served on it on or about May 18, 2022, which is not opposed by SEI, is granted in all respects. SEI shall comply with that subpoena on or before July 28, 2022.

SO ORDERED.

Dated: July 14, 2022

_____
Lewis A. Kaplan
United States District Judge