

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2-7-23
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE TRUSTEES OF THE NEW YORK STATE
NURSES ASSOCIATION PENSION PLAN,

　　　　　　Petitioners,

v.

WHITE OAK GLOBAL ADVISORS, LLC,

　　　　　　Respondent.

Civil Action No. 21-cv-08330 (LAK)

### STIPULATED PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED as follows:

1. White Oak Global Advisors, LLC and The Trustees for the New York State Nurses Association Pension Plan are defined collectively as the "Parties," and, individually, a "Party."

2. "Confidential Information" shall mean non-public, commercially sensitive information, including, but not limited to:

    a. confidential technical, sales, marketing, financial, or other commercially sensitive information;

    b. information relating to strategic or business plans, or competitive analyses; and

    c. personnel files, personal information that is protected by law, settlement agreements or communications, customers', employees', or others' personal identifiable information.

1

3. "Confidential Materials" are all documents and information produced, filed, obtained, or exchanged pursuant to post-judgment discovery in the above captioned confirmation proceedings containing Confidential Information, including:

   a. All correspondence between or among the Parties, the Court and/or any third parties in relation to post-judgment discovery that contains Confidential Information;

   b. All documents filed in the confirmation proceedings relating to post-judgment discovery containing Confidential Information, including all pleadings, memoranda, submissions, witness statements, and other evidence that contain Confidential Information;

   c. All documents produced, obtained or exchanged in post-judgment discovery that contain Confidential Information;

   d. All awards, decisions, orders and directions of the Court regarding post-judgment discovery that contain Confidential Information;

   e. All minutes, records (including recordings), and transcripts of hearings, depositions, meetings and conferences held in connection with post-judgment discovery that disclose Confidential Information; and

   f. Information contained in or derived from any such documents.

4. The producing Party shall cause all documents and information it contends to contain Confidential Information to be marked as "Confidential." If the Confidential Material is a document, the notation "Confidential" shall be stamped or otherwise plainly marked on each page of each designated document.

5. All Confidential Materials produced, received, exchanged or otherwise obtained in the course of post-judgment discovery by any Party shall be used solely for the purpose of these

confirmation proceedings, proceedings related to them (including enforcement or annulment proceedings), or in any other proceeding between these parties or their affiliates concerning related subject matter, and not for any business, commercial, competitive, personal publicity, or other purpose except as set forth herein.

6. Neither Party shall disclose or publish any Confidential Materials unless provided for in the Federal Rules of Civil Procedure, authorized under this Protective Order, authorized by the Court, or agreed to between the Parties.

7. Nothing in this Stipulated Protective Order shall require the receiving Party to treat any documents or information as Confidential Information or Confidential Materials if the documents and/or information is (a) available in the public domain; (b) authored, created, or owned by the receiving Party; or (c) obtained from a source other than the Parties in a manner not in violation of this agreement, unless a Party subsequently provides written notice, as if the Party were the producing Party pursuant to Paragraph 4 above, to all other Parties specifically designating the third-party-obtained document and/or information "Confidential" because the designating Party contends that it contains the designating Party's Confidential Information. Furthermore, this Stipulated Protective Order shall not limit or restrict the use, disclosure, or dissemination of any document and/or information obtained outside of the discovery process in the above-captioned proceeding. For the avoidance of doubt, this Stipulated Protective Order does not supersede or modify any confidentiality obligations that otherwise govern with respect to the Parties.

8. Counsel shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any Confidential Materials.

9. Confidential Materials shall not be disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, to any person or entity other

3

than the following:

   a. The Parties and the directors, officers, employees, or any subsidiary or affiliate thereof, who are assisting or making decisions concerning the confirmation proceedings, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the confirmation proceedings for use in accordance with this Protective Order;

   b. Counsel who represent the Parties in the confirmation proceedings (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting in the prosecution or defense of the confirmation proceedings for use in accordance with this Protective Order;

   c. Persons retained by a Party or outside counsel to serve as expert witnesses in connection with the confirmation proceedings, provided that such persons have signed the declaration in the form annexed hereto attesting to the fact that they have read this Protective Order and agree to be bound by its terms;

   d. The Court, persons employed by the Court, and court reporters transcribing the confirmation proceedings;

   e. The author or recipient of the Confidential Material; or

   f. Deponents or witnesses, but only to the extent needed to sustain or oppose any claim or defense, to examine or cross-examine any such witness, or to support or oppose any motion before the Court. Further, documents may be shown but not given to any such deponents or witnesses.

10. The Parties, their agents, employees, and all those acting in concert with the Parties,

shall strictly maintain the confidential nature of post-judgment discovery, except to the extent necessary to:

   a. Prosecute or defend the confirmation proceedings, proceedings related to them (including enforcement or annulment proceedings), or any other proceeding between these parties or their affiliates concerning related subject matter, or to pursue a legal right, subject to the requirements of Section 11 below;

   b. Respond to a compulsory order or request for information of a governmental or regulatory body;

   c. Make disclosure required by law, by contract, or by the rules of a securities exchange;

   d. Obtain insurance coverage or respond to requests for information from insurance carriers;

   e. Respond to requests for information from auditors, accountants, fund investors, or potential fund investors; or

   f. Seek legal, accounting or other professional services, or satisfy information requests of potential acquirers, investors, or lenders, provided that in case of any disclosure allowed under the foregoing circumstances (a) through (f) where possible, the producing Party takes reasonable measures to ensure that the recipient preserves the confidentiality of the information provided.

11. A Party may not file in the public record any Confidential Materials produced pursuant to post-judgment discovery without either (a) written permission from the producing Party, or (b) having first sought leave of the Court to file under seal pursuant to the procedures set forth in Exhibit A. In the event that either Party is served with an order, subpoena, or other legal process calling for the disclosure of any Confidential Materials, the Party receiving such legal

5

process shall, unless otherwise required by law, give prompt notice to the other Party.

12. Entering into this Protective Order, agreeing to and/or producing or receiving Confidential Material, or otherwise complying with the terms of this Protective Order, shall not:

   a. Prejudice in any way the rights of any Party to (i) seek production of documents or information it considers subject to discovery, or (ii) object to the production of documents or information it considers not subject to discovery;

   b. Operate as an admission by any Party that any particular discovery material includes Confidential Information;

   c. Prejudice in any way the rights of any Party to (i) petition to Court for a further protective order relating to any purportedly Confidential Materials; or (ii) seek a determination by the Court whether any Confidential Materials should be subject to the terms of this Protective Order;

   d. Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular discovery material;

   e. Prejudice in any way the rights of any Party to object to the relevance, authenticity, use or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order; or

   f. Preclude any Party from objecting to discovery that it believes to be otherwise improper.

13. The Court may permit further disclosure of Confidential Materials where there is a demonstrated need to disclose that outweighs any Party's legitimate interest in preserving confidentiality.

14. A party shall not be obligated to challenge the propriety of a designation of Confidential Materials at the time such designation is made, and a failure to do so shall not preclude a

subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Confidential Materials, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party shall then have 14 days to move the Court for an order rescinding the designated status of the disputed material. The disputed material shall remain Confidential Material as long as such a motion is pending unless and until the Court orders otherwise. Failure by the objecting party to move for an order within 14 days of an impasse concerning an objection to a confidentiality designation shall constitute a waiver of that objection.

15. For the avoidance of doubt, to the extent that the documents produced in connection with this Protective Order contain confidentiality provisions of their own, the terms and conditions of this Protective Order shall at all times govern.

16. Within 40 business days after the conclusion of the confirmation proceedings, including any appeal, by settlement or adjudication, the Confidential Materials (and all copies, transcriptions, or reproductions in any form whatsoever) produced to or provided by the Parties shall be returned to the counsel of the producing or providing Party or shall be destroyed with certification of such destruction.

17. Any work product, abstracts, or summaries of such Confidential Materials prepared by the Parties or their counsel, as well as any Court orders, may be retained by counsel but shall not be given to any Party or otherwise disseminated or published except as allowed by Agreement or under this Protective Order.

18. The provisions of this Protective Order and the obligation to retain the confidentiality of the Confidential Materials produced hereunder, absent written permission or further Order of the Court, shall survive and continue to be binding after the conclusion of this action.

DATED this ___ day of January 2023

                                BY THE COURT:

                                _____

                                Hon. Lewis A. Kaplan

STIPULATED AS TO FORM AND SUBSTANCE:

Dated: January 27, 2023

COVINGTON & BURLING

*[signature]*

C. William Phillips

Jonathan M. Sperling
The New York Times Building
620 Eighth Avenue
New York, NY 10018
212-841-1000
cphillips@cov.com
jsperling@cov.com

Robert Newman
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
202-662-6000
rnewman@cov.com

*Attorneys for Petitioners Trustees of the
New York State Nurses Association Pension Plan*

SIDLEY AUSTIN, LLP

*[signature]*

Steven E. Sexton

Eamon P. Joyce
James Heyworth
787 Seventh Avenue
New York, NY 10019
212-839-5300
ejoyce@sidley.com
jheyworth@sidley.com

Thomas K. Cauley, Jr. (*pro hac vice*)
Steven E. Sexton (*pro hac vice*)
One South Dearborn Street
Chicago, IL 60603
312-853-7000

*Attorneys for Respondent White Oak
Global Advisors, LLC*

SO ORDERED

*[signature]*

LEWIS A. KAPLAN, USDJ

2/7/23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE TRUSTEES OF THE NEW YORK STATE NURSES ASSOCIATION PENSION PLAN,<br><br>Petitioners,<br><br>v.<br><br>WHITE OAK GLOBAL ADVISORS, LLC,<br><br>Respondent. | Civil Action No. 21-cv-08330 (LAK) |

## DECLARATION OF AGREEMENT WITH PROTECTIVE ORDER

1. The undersigned hereby declares and affirms under penalty of perjury on the date set forth below, that he or she has read, understands, and agrees to be bound by each of the terms contained in the Stipulation and Protective Order Governing the Exchange of Confidential Information ("the Protective Order"). Specifically, and without limitation, the undersigned agrees not to use or disclose any information made available to him or her other than in strict compliance with the Protective Order, to submit to the jurisdiction of the Court for the purposes of enforcing the Protective Order, and to waive any objections he or she might have to the Court's jurisdiction or propriety of venue. The undersigned agrees to return to counsel of the Party that provided the undersigned with Confidential Materials or destroy with certification of such destruction all materials received pursuant to the Protective Order within 40 business days after the conclusion of the confirmation proceedings, including any appeal, by settlement or adjudication.

Dated: _____          _____
                                                                                (Signature Line)

                                                                                _____
                                                                                (Type or Print Name)