# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE TRUSTEES OF THE NEW YORK STATE NURSES ASSOCIATION PENSION PLAN,<br><br>      Petitioners,<br><br>  v.<br><br>WHITE OAK GLOBAL ADVISORS, LLC,<br><br>      Respondent. | Civil Action No. 21–cv–08330 (LAK) |

## PETITIONERS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26, 33, and 69 of the Federal Rules of Civil Procedure, Petitioners The Trustees of the New York State Nurses Association Pension Plan (the "Plan") hereby serve these Interrogatories on Respondent White Oak Global Advisors, LLC ("White Oak").  The Plan requests that, within 30 days of the service of these requests, White Oak answer under oath the Interrogatories set forth in Schedule A, attached, in accordance with the Definitions and Instructions set forth in Schedule B, attached.

Dated:  September 22, 2022       /s/ C. William Phillips

                     COVINGTON & BURLING LLP
                     C. William Phillips
                     Jonathan M. Sperling
                     Cléa P.M. Liquard
                     The New York Times Building
                     620 Eighth Avenue
                     New York, New York 10018
                     212-841-1000
                     cphillips@cov.com
                     jsperling@cov.com
                     cliquard@cov.com

                     Robert Newman

        One CityCenter
        850 Tenth Street, NW
        Washington, DC 20001
        202-662-6000
        rnewman@cov.com

        *Attorneys for Petitioners Trustees of the New York State Nurses Association Pension Plan*

## SCHEDULE A

## INTERROGATORIES

1. For each Transferred Plan Investment that is a loan or note transaction, with respect to such loan or note transaction,

   (a) Identify all lenders and noteholders, as applicable, and, for each such lender or noteholder, the percentage of each outstanding tranche of loans or unfunded commitments attributable to such lender or noteholder, whether such lender or noteholder is a White Oak Affiliate, and, if so, describe its relationship with White Oak.

   (b) Identify each administrative agent, collateral agent or other agent, whether such agent is a White Oak Affiliate, and, if so, describe its relationship with White Oak.

   (c) Identify each Loan Party, whether it is a White Oak Affiliate, and, if so, describe its relationship with White Oak.

2. For each Transferred Plan Investment that is an equity holding or a warrant in or relating to a Transferred Plan Investment Entity, identify each direct and/or indirect owner or holder of an equity interest in such Transferred Plan Investment Entity, describe the nature and amount of the equity interest, and identify whether the Transferred Plan Investment Entity and/or each owner or holder of an equity interest thereof is a White Oak Affiliate, and, if so, describe its relationship with White Oak.

3. State the value of each Transferred Plan Investment on the date that the Transferred Plan Investment was purportedly transferred to the Plan.

4. For each of the following entities, identified in documents produced by First Republic Bank bearing Bates numbers FRB001267, -3168, -1252, -1510, -3183, and -3095, (i) identify the proper legal name of the entity, (ii) identify the entity's current address, (iii) identify the entity's owners and principals, and (iv) describe the entity's relationship with White Oak:

3

RNJ Investment Group LLC, Adviser Counsel Inc., McKee Family Lim-Bill Pay T, Citco Bank Canada, BAYVK R PD 2 LOAN LLC – P L ACCT, and Greensill Capital Inc. DIP.

## SCHEDULE B

## DEFINITIONS AND INSTRUCTIONS

1. The Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3 of the Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules") are incorporated herein by reference, including (without limitation) the following definitions and rules of construction set forth in the rule:

    (a) *All/Each*.  The terms "all" and "each" shall be construed as all and each.

    (b) *And/Or*.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

    (c) *Document*.  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

    (d) *Number*.  The use of the singular form of any word includes the plural and vice versa.

    (e) *Person*.  The term "person" is defined as any natural person or any business, legal or governmental entity or association.

2. "Including" or "includes" mean including without limitation.

3. "White Oak," "Judgment Debtor," "Respondent," "You," and "Your" mean White Oak Global Advisors, LLC and any of its present or former directors, officers, principals, employees, agents, attorneys, parents, subsidiaries, investigators, accountants, representatives, or other person or entity acting on its behalf or for its benefit.

4. "White Oak Affiliate" means any Affiliate of White Oak.

5. "Affiliate" means, with respect to any person, (a) any other person directly or indirectly controlling, controlled by, or under direct or indirect common control with, such

5

person or (b) any employee, manager, officer or director of such person. A person shall be deemed to control another person if such person possesses, directly or indirectly, power to vote 10% or more of the securities (on a fully diluted basis) having ordinary voting power for the election of directors or managers, or power to direct or cause the direction of the management and policies of such other person, whether through the ownership of voting securities, by contract or otherwise.

6. "Arbitration Award" means (a) the Final Award on Merits/Damages/Attorneys' Fees and Costs ("Final Award") dated August 4, 2021 and (b) the Reasoned Award dated November 30, 2020 and incorporated by reference into the Final Award, both issued pursuant to AAA Case 01-18-003-9231.

7. "Judgment" means the Court's Memorandum Opinion, Dkt. 59, and Order, Dkt. 60, dated March 17, 2022, as corrected by the Court's Order on Post-Judgment Motions, Dkt. 88, and Corrected Judgment, Dkt. 89, both dated July 14, 2022.

8. "Transferred Plan Investment" means each of the equity, warrant, note or loan investment, instrument or interest, as the case may be, that White Oak alleges was transferred, directly or indirectly, to the Plan purportedly in satisfaction of the Arbitration Award.

9. "Transferred Plan Investment Entity" means any entity that is the issuer of, or borrower of, the security, loan or other investment associated with the Transferred Plan Investment. For example, for any Transferred Plan Investment that is (a) an equity holding, the entity that issued the equity; (b) a loan, the debtor entity; (c) a note, the entity that issued the note; or (d) a warrant, the entity that issued the warrant.

10. "Loan Party" means for any loan or note transaction, each of the borrower or issuer, as applicable, and each other person who is a guarantor thereunder and/or each person who pledges any collateral to secure all or a portion of the obligations thereunder.

11. These Requests are to be deemed continuing so as to require further and supplemental response as additional responsive information or documents are obtained or located, from the time of the initial response to the time that the Arbitration Award and Judgment are satisfied or vacated.

12. Each request shall be fully responded to unless it is objected to in good faith. An objection must state with specificity the grounds for the objection and whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request (or word, phrase, or clause contained in the request) must specify the part objected to and White Oak shall produce or permit inspection of the rest.

-1-

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2022, I caused a true and correct copy of the foregoing to be served by FedEx overnight delivery service and by email on the below counsel of record:

Thomas K. Cauley, Jr.
Steven E. Sexton
Eamon Paul Joyce
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
312-853-7000
tcauley@sidley.com
ssexton@sidley.com
ejoyce@sidley.com

James Ormerod Heyworth, V
Sidley Austin LLP
787 7th Ave.
New York, NY 10019
212-839-5300
jheyworth@sidley.com

                                               */s/ Anders Linderot*
                                              Anders Linderot