# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| THE TRUSTEES OF THE NEW YORK STATE NURSES ASSOCIATION PENSION PLAN,<br><br>Petitioners,<br><br>- v. -<br><br>WHITE OAK GLOBAL ADVISORS LLC,<br><br>Respondent. | Case No. 1:21-cv-8330-LAK |

**RESPONDENT'S RESPONSES AND OBJECTIONS TO PETITIONERS'
FIRST SET OF INTERROGATORIES**

Respondent, White Oak Global Advisors, LLC ("White Oak"), hereby responds and objects to the First Set of Interrogatories (the "Interrogatories") of The Trustees of the New York State Nurses Association Pension Plan ("NYSNA").

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.  White Oak objects to the Definitions of "White Oak," "Judgement Debtor," "Respondent," "You," and "Your," as vague, ambiguous and overbroad to the extent that those Definitions seek information from "any present or former directors, officers, principals, employees, agents, attorneys, parents, subsidiaries, investigators, accountants, representatives, or other person or entity acting on its behalf or for its benefit." White Oak will respond to the Interrogatories based on reasonably available information in White Oak's possession, custody or control.

2.  White Oak objects to the Definitions of "White Oak Affiliate" and "Affiliate" as vague, ambiguous and overbroad to the extent that those Definitions include "with respect to any

person (a) any other person directly or indirectly controlling, controlled by, or under direct or indirect common control with, such person or (b) any employee, manager, officer or director of such person." White Oak further objects to the Definition of "Affiliate" as unintelligible to the extent that it is defined as any natural "person" who "directly or indirectly" controls another natural "person."  In responding to the Interrogatories below, White Oak uses one of the definitions of "White Oak Affiliate" and "Affiliate" provided in the Definitions, that is an entity in which White Oak possesses "power to vote 10% or more of the securities" of that entity.

3. White Oak objects to the Definition of "Transferred Plan Investment Entity" as vague and ambiguous.

4. White Oak objects to the Interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, protection, or immunity.  Any response inconsistent with the foregoing is inadvertent and shall not waive any applicable privilege, protection, or immunity.

5. NYSNA issued these Interrogatories purportedly in aid of enforcing the judgment. NYSNA has stipulated that the two bonds White Oak posted totaling $32 million secure the monetary components of the judgment pending appeal, and that all enforcement on the monetary components of the judgment is stayed pending appeal.  Thus, White Oak objects to the Interrogatories to the extent that they seek information that is not relevant to enforcing the judgment.

6. White Oak's responses and objections are based on its current knowledge, understanding, and belief as to the facts and the information reasonably available to White Oak as of the date of these responses.  White Oak reserves the right to amend, correct, supplement, or clarify these responses at any time if it discovers other or additional information.

## SPECIFIC RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:** For each Transferred Plan Investment that is a loan or note transaction, with respect to such loan or note transaction,

> (a) Identify all lenders and noteholders, as applicable, and, for each such lender or noteholder, the percentage of each outstanding tranche of loans or unfunded commitments attributable to such lender or noteholder, whether such lender or noteholder is a White Oak Affiliate, and, if so, describe its relationship with White Oak.

**RESPONSE TO INTERROGATORY 1(a):** White Oak objects to this Interrogatory as seeking information that is not relevant to the judgment to the extent that it seeks the identities of lenders and noteholders, and further objects to providing such information to the extent that it is subject to a confidentiality obligation. Subject to the foregoing objections and its Objections to Definitions and Instructions, White Oak states that no White Oak Affiliate is a "lender or noteholder" for a Transferred Plan Investment, and further states that pursuant to Federal Rule of Civil Procedure 33(d), White Oak will produce documents from which the answer to this Interrogatory may be determined.

> (b) Identify each administrative agent, collateral agent or other agent, whether such agent is a White Oak Affiliate, and, if so, describe its relationship with White Oak.

**RESPONSE TO INTERROGATORY 1(b):** Subject to its Objections to Definitions and Instructions, and pursuant to Federal Rule of Civil Procedure 33(d), White Oak will produce documents from which the answer to this Interrogatory may be determined.

> (c) Identify each Loan Party, whether it is a White Oak Affiliate, and, if so, describe its relationship with White Oak.

**RESPONSE TO INTERROGATORY 1(c):** Subject to its Objections to Definitions and Instructions, and pursuant to Federal Rule of Civil Procedure 33(d), White Oak will produce documents from which the answer to this Interrogatory may be determined.

**INTERROGATORY NO. 2:** For each Transferred Plan Investment that is an equity holding or a warrant in or relating to a Transferred Plan Investment Entity, identify each direct and/or indirect owner or holder of an equity interest in such Transferred Plan Investment Entity, describe the nature and amount of the equity interest, and identify whether the Transferred Plan Investment Entity and/or each owner or holder of an equity interest thereof is a White Oak Affiliate, and, if so, describe its relationship with White Oak.

**RESPONSE TO INTERROGATORY 2:** White Oak objects to this Interrogatory as seeking information that is not relevant to the judgment to the extent that it seeks the identities of "each direct and/or indirect owner or holder of an equity interest in such Transferred Plan Investment Entity" and further objects to providing such information to the extent that it is subject to a confidentiality obligation. White Oak further objects to this Interrogatory as vague and ambiguous to the extent that it seeks information concerning an equity holding or a warrant "relating to a Transferred Plan Investment Entity," as opposed to an actual equity holding or warrant in a Transferred Plan Investment Entity. Subject to the foregoing objections and its Objections to Definitions and Instructions, White Oak states that no White Oak Affiliate is an equity or warrant holder in a Transferred Plan Investment Entity, and further states that pursuant to Federal Rule of Civil Procedure 33(d), White Oak will produce documents from which the answer to this Interrogatory may be determined.

**INTERROGATORY NO. 3:** State the value of each Transferred Plan Investment on the date that the Transferred Plan Investment was purportedly transferred to the Plan.

**RESPONSE TO INTERROGATORY 3:** White Oak objects to this Interrogatory as seeking information that is not relevant to the judgment to the extent that it requests information concerning the value of each Transferred Plan Investment on the date that investment was

transferred, i.e., September 3, 2021. The final arbitration award ordered White Oak to disgorge, within 30 days, the net asset value of the NYSNA's investments as of the date of the final arbitration award, which was August 4, 2021. Pursuant to the final arbitration award, White Oak disgorged the August 4, 2021 net asset value to NYSNA within 30 days, on September 3, 2021. Subject to the foregoing objections and its Objections to Definitions and Instructions, White Oak will produce documents showing the value of each Transferred Plan Investment as of August 4, 2021.

**INTERROGATORY NO. 4:** For each of the following entities, identified in documents produced by First Republic Bank bearing Bates numbers FRB001267, -3168, -1252, -1510, -3183, and -3095, (i) identify the proper legal name of the entity, (ii) identify the entity's current address, (iii) identify the entity's owners and principals, and (iv) describe the entity's relationship with White Oak: RNJ Investment Group LLC, Adviser Counsel Inc., McKee Family Lim-Bill Pay T, Citco Bank Canada, BAYVK R PD 2 LOAN LLC – P L ACCT, and Greensill Capital Inc. DIP.

**RESPONSE TO INTERROGATORY 4:** White Oak objects to this Interrogatory as seeking information that is only relevant to collecting on the monetary components of the judgment. NYSNA has stipulated that the two bonds White Oak posted totaling $32 million secure the monetary components of the judgment pending appeal, and that all enforcement on the judgment is stayed pending appeal. Thus, White Oak objects to this Interrogatory as seeking information that is not relevant to enforcing the judgment.

| | |
|---|---|
| Dated: October 24, 2022 | Respectfully Submitted,<br><br>By: /s/ *Thomas K. Cauley, Jr.*<br><br>Thomas K. Cauley, Jr. (*pro hac vice*)<br>Sidley Austin LLP<br>One South Dearborn St.<br>Chicago, IL 60603<br>(312) 853-7076<br>tcauley@sidley.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2022, I caused a true and correct copy of the foregoing to be served by email to all attorneys of record.

/s/ *Rebecca M. Lewis*

Rebecca M. Lewis

4858-6050-7444v.2