# EXHIBIT F

| | |
|---|---|
| **From:** | Yeung, Christopher |
| **To:** | "Lewis, Rebecca" |
| **Cc:** | Phillips, C. William; Sperling, Jonathan; Timmick, Andrew J; Linderot, Anders; Sexton, Steven; Cauley, Thomas K.; Joyce, Eamon P. |
| **Subject:** | RE: Response to January 10 email regarding NYSNA"s discovery requests |
| **Date:** | Monday, February 27, 2023 2:09:52 PM |

Rebecca,

We appreciate White Oak's production of an anonymized list of at least 416 indirect investors on Friday. But White Oak's refusal to disclose those investors' actual names unless the Plan agrees to the additional condition, found nowhere in the Protective Order, that the Plan forgo any contact with those investors for any reason is improper.

Nor is White Oak's identification of those investors using anonymized code names sufficient. Among other things, as we've previously discussed, anonymization leaves the Plan without any way of verifying whether those investors are subject to ERISA or not. Such ability to verify is particularly important in light of White Oak's disclosure, in your February 14, 2023 email, that White Oak itself does not independently verify investor representations about ERISA status.

We appreciate that the parties have been able to narrow the scope of their disputes so far. But we are now at an impasse as to whether White Oak must disclose indirect investor names in response to the Plan's Interrogatory No. 2. As such, the Plan will be seeking judicial intervention on this issue.

Best,

Chris

---

**From:** Lewis, Rebecca <rebecca.lewis@sidley.com>
**Sent:** Tuesday, February 14, 2023 4:57 PM
**To:** Yeung, Christopher <cyeung@cov.com>
**Cc:** Phillips, C. William <cphillips@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Timmick, Andrew J <ATimmick@cov.com>; Linderot, Anders <ALinderot@cov.com>; Sexton, Steven <ssexton@sidley.com>; Cauley, Thomas K. <tcauley@sidley.com>; Joyce, Eamon P. <ejoyce@sidley.com>
**Subject:** RE: Response to January 10 email regarding NYSNA's discovery requests

[EXTERNAL]
Chris,

As we have repeatedly explained, the identities of White Oak's investors are not relevant to the judgment enforcement proceeding. Nevertheless, to avoid a discovery dispute, White Oak agreed to produce unredacted copies of documents that were previously produced that provide the names of the White Oak funds and SMA investors that have invested in each Transferred Plan Investment Entity. We have produced those unredacted documents to you today under a separate email.

Your below email now requests the names of investors in White Oak's underlying investment funds. Your below email states that the names of the investors in White Oak's funds "is relevant to the amount of control that White Oak continues to exert over each Transferred Plan Investment Entity." That argument makes no sense. The investors in White Oak's investment funds do not control the investment fund. The investment manager of the investment fund controls the investment fund.

Your below email also claims that information about indirect investors is relevant to the 25% test under ERISA. Again, the 25% ERISA test does not apply because the Transferred Plan Investment Entities are operating companies that are not subject to ERISA. However, in order to avoid further discovery disputes, White Oak will provide the information NYSNA requested.

Given NYSNA's refusal to confirm that it will not contact White Oak's investors – even though such contact is prohibited by the Protective Order – White Oak is not willing to provide the names of the investors in White Oak's funds. However, the actual names of White Oak's investors are not necessary for NYSNA to perform the 25% ERISA test. In order for NYSNA to perform the 25% test, White Oak will provide (1) the anonymized identities of the investors in the White Oak investment funds that invested in each Transferred Plan Investment Entity, (2) the amount of the investors' investments and (3) will state whether the investor is subject to ERISA. The information White Oak is providing will be produced from a database that White Oak maintains in the ordinary course of its business. White Oak maintains the ERISA status of its investors in its database based on the investor's representations in the subscription agreement the investor completes when it invests with White Oak. Thus an investor's status as "subject to ERISA" or "not subject to ERISA" is not a determination by White Oak but rather reflects the third-party representation made by the investor itself. White Oak expects to be able to provide this information to you within the next two weeks.

Rebecca

**REBECCA M. LEWIS**
Associate

**SIDLEY AUSTIN LLP**
+1 312 853 1009
rebecca.lewis@sidley.com

---

**From:** Yeung, Christopher <cyeung@cov.com>
**Sent:** Monday, February 13, 2023 9:33 AM
**To:** Lewis, Rebecca <rebecca.lewis@sidley.com>
**Cc:** Phillips, C. William <cphillips@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Timmick, Andrew J <ATimmick@cov.com>; Linderot, Anders <ALinderot@cov.com>; Sexton, Steven <ssexton@sidley.com>; Cauley, Thomas K. <tcauley@sidley.com>; Joyce, Eamon P. <ejoyce@sidley.com>
**Subject:** RE: Response to January 10 email regarding NYSNA's discovery requests

Rebecca,

The Plan's January 10, 2023 email was not limited to seeking the identities of investors in White Oak's Financing Affiliates. Rather, it sought a full and complete response to the Plan's Interrogatory No. 2, which on its face specifically requested information about both "direct and/or indirect" investors. While White Oak replied to the January 10, 2023 email by objecting only to the disclosure of certain Financing Affiliates' investor identities, the Plan nonetheless raised the issue of White Oak's failure to provide "indirect" investor identities more broadly no later than January 10.

White Oak asks for clarification about the meaning of "indirect" investors. As used in Interrogatory No. 2, an "indirect owner or holder of an equity interest" is each beneficial owner or holder of such equity interest that does not own or hold such equity directly. For example, if Benefit Plan A owns equity in Investment Company B, which in turn owns equity in Holding Company C, which in turn owns equity in Transferred Plan Investment Entity D, Benefit Plan A and Investment Company B are both "indirect owner or holder of an equity interest" in Transferred Plan Investment Entity D.

White Oak also asks for an explanation as to the relevance of "indirect" investors. There are several reasons; we will mention here only two. First, the 25-percent threshold that triggers fiduciary duties under ERISA can be met through layers of indirect investment. In other words, the amount of benefit plan investments in both Investment Company B and Holding Company C factor into calculating whether ERISA's 25-percent threshold has been met. Additionally, the indirect equity held by White Oak-affiliated entities and individuals in each Transferred Plan Investment Entity is relevant to the amount of control that White Oak continues to exert over each Transferred Plan Investment Entity, and with it, the Plan's investments in the Transferred Plan Investment Entity. Accordingly, the identities of the "indirect" investors responsive to the Plan's Interrogatory No. 2 are relevant to whether White Oak has been removed "as fiduciary and investment manager."

Please confirm today that White Oak will respond to Interrogatory No. 2 in full, including by identifying any responsive indirect investors.

Best,

Chris

**From:** Lewis, Rebecca <rebecca.lewis@sidley.com>
**Sent:** Friday, February 10, 2023 8:06 PM
**To:** Yeung, Christopher <cyeung@cov.com>
**Cc:** Phillips, C. William <cphillips@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Timmick, Andrew J <ATimmick@cov.com>; Linderot, Anders <ALinderot@cov.com>; Sexton, Steven <ssexton@sidley.com>; Cauley, Thomas K. <tcauley@sidley.com>; Joyce, Eamon P. <ejoyce@sidley.com>
**Subject:** RE: Response to January 10 email regarding NYSNA's discovery requests

[EXTERNAL]
Chris,

The Protective Order provides in Paragraph 5 that confidential information exchanged as part of post-judgment discovery, such as the names of White Oak's SMA investors, "shall be used solely for the purpose of these confirmation proceedings," including judgment enforcement proceedings, and not for "any other purpose." There is no valid basis for Covington or its client to contact White Oak's investors as part of judgment enforcement proceedings. Accordingly, any communication with White Oak's investors about their investments with White Oak would be a violation of the Protective Order. If Covington or its client contact White Oak's investors, White Oak intends to seek appropriate relief, including sanctions.

Also, your assertion that the parties discussed "indirect" investors is simply not true. Your colleague's January 10 email sought the "identities of the other holders of equity interest" in the Financing Companies. As our written correspondence has repeatedly explained, the holders of equity interests in the Financing Companies are White Oak's funds and White Oak's SMA investors. Although the identities of White Oak's funds and SMA investors are not relevant to enforcing the judgment, we informed you in our January 26 email that White Oak would provide those identities. Your subsequent February 6 email continued to only refer to the "investors" in the Financing Companies – i.e., White Oak's funds and SMA investors – and never mentioned "indirect" investors. Nor did we discuss "indirect" investors during our February 7 call. As reflected in our February 8 email, we discussed during our call that White Oak would provide the names of White Oak's funds and White Oak's SMA investors – which are the holders of the equity interests in the Financing Companies, as requested in your colleague's January 10 email. Please explain what you mean by "indirect" investors, and why the identities of "indirect" investors are relevant to enforcing the judgment.

Best,

Rebecca

**REBECCA M. LEWIS**
Associate

**SIDLEY AUSTIN LLP**
+1 312 853 1009
rebecca.lewis@sidley.com

**From:** Yeung, Christopher <cyeung@cov.com>
**Sent:** Friday, February 10, 2023 9:43 AM
**To:** Lewis, Rebecca <rebecca.lewis@sidley.com>
**Cc:** Phillips, C. William <cphillips@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Timmick, Andrew J <ATimmick@cov.com>; Linderot, Anders <ALinderot@cov.com>; Sexton, Steven <ssexton@sidley.com>; Cauley, Thomas K. <tcauley@sidley.com>; Joyce, Eamon P. <ejoyce@sidley.com>
**Subject:** RE: Response to January 10 email regarding NYSNA's discovery requests

Rebecca,

Thank you for agreeing to reproduce fully unredacted copies of all documents contained in White Oak's document production. We look forward to receiving them early next week as White Oak has promised. The Plan obviously disagrees with White Oak's relevance arguments, but we won't belabor the point now that the parties' dispute over redactions appears to be resolved.

Your email states that White Oak's production of SMA investor names are "subject to the terms of the Protective Order that prohibits Covington and NYSNA from contacting those SMA investors about their investments with White Oak." While the Plan currently has no plans to contact any of the yet-to-be disclosed SMA investors, we are not aware of any such "no contact" provision in the Protective Order. The Plan and Covington will, of course, abide by the terms of the Protective Order when utilizing the documents and information that White Oak discloses pursuant to judgment enforcement discovery in this action.

Finally, we disagree with your assertion that the parties have not discussed "indirect" investors. As my colleague Anders Linderot reiterated in his January 10, 2023 email to White Oak, "Interrogatory No. 2 requests identification of each direct and/or indirect owner or holder of an equity interest in any Transferred Plan Investment Entity." (Emphasis added.) We subsequently exchanged several written communications and at least one phone call about White Oak's deficient response to the Plan's Interrogatory No. 2, ultimately culminating in White Oak's agreement to unredact the document Bates-stamped WO104078 -- the only document that White Oak identified as containing information responsive to Interrogatory No. 2. *See* January 20, 2023 letter from Thomas Cauley to Covington at fn. 1.

Please confirm today that White Oak will respond to Interrogatory No. 2 in full, including by identifying any responsive indirect investors. If such responsive indirect investors will not be disclosed in an unredacted copy of WO104078, please separately supplement White Oak's response to Interrogatory No. 2 with the requested information about indirect investors.

Best,

Chris

**From:** Lewis, Rebecca <rebecca.lewis@sidley.com>
**Sent:** Thursday, February 09, 2023 8:01 PM
**To:** Yeung, Christopher <cyeung@cov.com>
**Cc:** Phillips, C. William <cphillips@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Timmick, Andrew J <ATimmick@cov.com>; Linderot, Anders <ALinderot@cov.com>; Sexton, Steven <ssexton@sidley.com>; Cauley, Thomas K. <tcauley@sidley.com>; Joyce, Eamon P. <ejoyce@sidley.com>
**Subject:** RE: Response to January 10 email regarding NYSNA's discovery requests

[EXTERNAL]
Chris,

While the names of White Oak's SMA investors are not relevant to enforcing the judgment, White Oak will nevertheless agree to provide the names of its SMA investors in order to avoid further discovery disputes over this issue. The names are subject to the terms of the Protective Order that prohibits Covington and NYSNA from contacting those SMA investors about their investments with White Oak. We will unredact all documents previously produced to you, and provide those fully unredacted documents to you early next week.

Your below email also thanks us for confirming White Oak's willingness to provide unredacted copies of documents with "indirect" investor names. Our below email does not refer to "indirect" investors, and we have never discussed "indirect" investors. As stated, we are producing unredacted copies of all documents previously produced to you.

Rebecca

**REBECCA M. LEWIS**
Associate

**SIDLEY AUSTIN LLP**
+1 312 853 1009
rebecca.lewis@sidley.com

---

**From:** Yeung, Christopher <cyeung@cov.com>
**Sent:** Wednesday, February 8, 2023 4:45 PM
**To:** Lewis, Rebecca <rebecca.lewis@sidley.com>
**Cc:** Phillips, C. William <cphillips@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Timmick, Andrew J <ATimmick@cov.com>; Linderot, Anders <ALinderot@cov.com>; Sexton, Steven <ssexton@sidley.com>; Cauley, Thomas K. <tcauley@sidley.com>; Joyce, Eamon P. <ejoyce@sidley.com>
**Subject:** Re: Response to January 10 email regarding NYSNA's discovery requests

Rebecca,

Thank you for confirming White Oak's willingness to reproduce unredacted documents to the Plan, including unredacting the names of all direct and indirect investors except for White Oak SMA investors. With respect to the White Oak SMA investor names that White Oak will only conditionally disclose, we see no reason why those names should be treated any differently than any other information that White Oak designates as "Confidential" under the Stipulated Protective Order that was So-Ordered yesterday. Dkt. 130. Indeed, the parties' Stipulated Protective Order negotiations occurred in parallel with our discussions about White Oak's failure to disclose investor names, and White Oak never once raised the possibility that investor names needed any special treatment.

Please confirm by tomorrow that White Oak will disclose all direct and indirect investor names to the Plan, including via fully unredacted documents and in response to Interrogatory No. 2. If White Oak believes its SMA investor names to be confidential, it should designate them as "Confidential" pursuant to the So-Ordered Stipulated Protective Order. But if White Oak insists that SMA investor names must be treated differently than other information that White Oak designates as Confidential pursuant to the Stipulated Protective Order, then the parties are at an impasse, and we will need to seek relief from the Court.

Best,

Chris

Sent from my iPhone

On Feb 8, 2023, at 11:37 AM, Lewis, Rebecca <rebecca.lewis@sidley.com> wrote:

[EXTERNAL]

Chris,

I am writing in response to your below email and in follow up to our call yesterday.

First, contrary to the suggestion in your below email, all of the Financing Companies in which NYSNA has an investment are "operating companies," and are therefore not subject to ERISA. As we have previously explained, the Financing Companies are "operating companies" because they actively seek out opportunities to provide regular and continuous financing to fund the current operations of companies in targeted sectors. Thus, the Financing Companies engage in an "active trade or business," and qualify as "operating companies" under 29 C.F.R. § 2510.3-101(c).

Second, your email incorrectly states that White Oak's Form ADV "indicates" that the Financing Companies are "mere investment vehicles" and therefore do not qualify for ERISA's operating company exception. White Oak's Form ADV indicates no such thing. To the contrary, the Form ADV repeatedly states that the Financing Companies are "operating companies." See e.g., White Oak Form ADV Part 2A, September 21, 2022, at 44 ("Financing Affiliates are operating companies that originate and service loans to their customers."). See also id. at 45 ("Each Financing Affiliate is an operating company … . As an operating company, the Financing Affiliate bears ordinary operating expenses, which include all normal administrative and operating business expenses, such as salary, rent, the cost of borrowed funds, consultants and advisors, etc., and including expenses relating to its loans to its customers[.]").

Third, we informed you during our call yesterday that White Oak would provide unredacted copies of all documents except that White Oak would continue to redact the names of White Oak investors with separately managed accounts ("SMAs"). However, you insisted that White Oak provide the names of its SMA investors. As we have previously explained, White Oak does not believe that the names of White Oak's SMA investors are relevant to enforcing the judgment, and the identities of White Oak's investors are confidential. Nevertheless, in order to avoid further discovery disputes regarding this issue, White Oak is willing to provide the names of its SMA investors, subject to the terms of the protective order, and provided that Covington and NYSNA agree that (1) they will not contact any of White Oak's SMA investors concerning their investments with White Oak, and (2) agree to use information about the identities of White Oak's SMA investors solely in connection with enforcement of the judgment. On that basis, White Oak is also willing to un-redact the names of White Oak's SMA investors that are currently redacted in the documents White Oak previously produced to NYSNA. Please let us know if Covington and NYSNA agree with that proposal, and we will then produce fully unredacted documents to you within the next few days. Alternatively, as White Oak previously offered, White Oak remains willing to identify on an anonymized basis which of its SMA investors are subject to ERISA, and White Oak would re-produce all of its documents with only SMA investor names redacted, i.e., the actual SMA investor name would be replaced with SMA1, SMA2, etc. Because there are very few SMA investors, the documents would contain relatively few redactions for SMA investor names.

Best,

Rebecca

REBECCA M. LEWIS
Associate

SIDLEY AUSTIN LLP
+1 312 853 1009
rebecca.lewis@sidley.com<mailto:rebecca.lewis@sidley.com>

From: Yeung, Christopher <cyeung@cov.com>
Sent: Monday, February 6, 2023 1:36 PM
To: Lewis, Rebecca <rebecca.lewis@sidley.com>
Cc: Phillips, C. William <cphillips@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Timmick, Andrew J <ATimmick@cov.com>; Linderot, Anders <ALinderot@cov.com>; Sexton, Steven <ssexton@sidley.com>; Cauley, Thomas K. <tcauley@sidley.com>; Joyce, Eamon P. <ejoyce@sidley.com>
Subject: RE: Response to January 10 email regarding NYSNA's discovery requests

Rebecca, We are at an impasse regarding Interrogatory No. 2 for several reasons. First, your January 20, 2023 letter invoked the operating company exception under ERISA for only two of White Oak's Financing Affiliates, and provided no explanation
Rebecca,

We are at an impasse regarding Interrogatory No. 2 for several reasons.  First, your January 20, 2023 letter invoked the operating company exception under ERISA for only two of White Oak's Financing Affiliates, and provided no explanation for why the investors in other companies (including the other White Oak Financing Affiliates identified in White Oak's November 22, 2022 letter) are not relevant or discoverable.

Second, White Oak's own publicly filed Form ADV indicates that all of White Oak's Financing Affiliates are mere investment vehicles that do not qualify for ERISA's operating company exception.  See 29 C.F.R. § 2510.3-101(c) (excluding from the definition of "operating company" those who engage in the "investment of capital").  Thus, the identities of the investors in the two White Oak Financing Vehicles addressed in your January 23, 2023 remain relevant and discoverable, notwithstanding White Oak's (inaccurate) claim that they qualify for ERISA's operating company exception.

Third, while your January 26, 2023 email promised to provide a purportedly anonymized list of White Oak's Financing Affiliate investors by sometime last week, the Plan received no such list.  The Plan does not believe that an anonymized list of investors is sufficient to satisfy White Oak's discovery obligations, but in any event, White Oak's failure to provide the promised list confirms the parties' impasse.

We are also at an impasse regarding White Oak's refusal to remove the redactions from its document production.  White Oak does not contend that any of the redactions were made on the basis of any privilege.  The authority that you provided to justify White Oak's non-privilege redactions arise from completely different circumstances.  None of White Oak's cases support deviating from this Circuit's general rule prohibiting unilateral redactions for confidentiality and relevance, especially where (as here) the parties have agreed to a Protective Order governing the exchange of purportedly confidential information.

As part of the Plan's upcoming motion compelling White Oak's production of unredacted documents, we expect to file the attached portions of redacted documents (including WO104078 in its entirety) that White Oak has designated as "Confidential."  Under the terms of the parties' Stipulated Protective Order, we will seek to file the portions under seal due to White Oak's confidentiality designation, unless White Oak advises us today that an "under seal" filing is unnecessary.  Under the Stipulated Protective Order and Judge Kaplan's individual rules, White Oak will have three days to submit a letter explaining the need to seal the materials.

Best,

Chris

From: Lewis, Rebecca <rebecca.lewis@sidley.com<mailto:rebecca.lewis@sidley.com>>
Sent: Thursday, January 26, 2023 4:37 PM
To: Yeung, Christopher <cyeung@cov.com<mailto:cyeung@cov.com>>
Cc: Phillips, C. William <cphillips@cov.com<mailto:cphillips@cov.com>>; Sperling, Jonathan <jsperling@cov.com<mailto:jsperling@cov.com>>; Timmick, Andrew J <ATimmick@cov.com<mailto:ATimmick@cov.com>>; Linderot, Anders <ALinderot@cov.com<mailto:ALinderot@cov.com>>; Sexton, Steven <ssexton@sidley.com<mailto:ssexton@sidley.com>>; Cauley, Thomas K. <tcauley@sidley.com<mailto:tcauley@sidley.com>>; Joyce, Eamon P. <ejoyce@sidley.com<mailto:ejoyce@sidley.com>>
Subject: RE: Response to January 10 email regarding NYSNA's discovery requests

[EXTERNAL]
Chris,
We disagree that we are at an impasse regarding White Oak's response to Interrogatory No. 2.  For Interrogatory No. 2, NYSNA has requested that White Oak provide the names of the investors in the Financing Companies.  NYSNA contends that it needs to know the names of those investors to determine whether the Financing Companies are subject to ERISA.  We sent you a letter on January 20, 2023 explaining that the Financing Companies are not subject to ERISA because they are operating companies.  Because the Financing Companies are operating companies and not subject to ERISA, there is no reason why NYSNA needs to know the names of the investors in the Financing Companies.  We asked NYSNA to explain why it believes the Financing Companies are subject to ERISA even though they are operating companies, but NYSNA never responded to our request.  Although the Financing Companies are not subject to ERISA, in order to avoid further disputes over this issue, White Oak will produce a document identifying the White Oak funds by name that are investors in the Financing Companies in which NYSNA has an ownership interest (and the amount of the funds' investments), as well as any separately managed account ("SMA") that is invested directly in the Financing Companies alongside White Oak's funds (and the amount of each SMA investment in the Financing Companies).  To protect the confidentiality of White Oak's investors, SMA information will be provided on an anonymized basis, and the document will indicate whether the SMA is a pension plan subject to ERISA.  We expect to be able to produce that document in the next week.
NYSNA stated in its January 10 email that it seeks the names of the investors in the Financing Companies to determine whether more than 25% of those investors are ERISA investors.  White Oak is providing the above-referenced information that NYSNA requested so that NYSNA can make that determination.  But again, even if more than 25% of the investors in the Financing Companies are ERISA investors, the Financing Companies would still not be subject to ERISA because they are operating companies, as we explained in our January 20 letter.
Finally, your email states that you "noticed redactions on a number of the documents produced."  As White Oak explained in its October 24, 2022 and November 22, 2022 letters, White Oak redacted confidential investor names from the documents it produced.  Such redaction of confidential investor names is entirely appropriate even if a protective order has been entered.  In re Bystolic Antitrust Litig., No. 20-CV-5735 (LJL), 2021 WL 878568, at *1 (S.D.N.Y. Mar. 9, 2021) (permitting redaction of confidential information even though a protective order had been entered); Epic Games, Inc. v. Apple Inc., No. 20CV05640YGRTSH, 2021 WL 1326298, at *3 (N.D. Cal. Apr. 9, 2021) (same); Sleep No. Corp. v. Sizewise Rentals, LLC, No. EDCV18356ABSPX, 2019 WL 12536127, at *4 (C.D. Cal. Sept. 26, 2019) (same).

Best,

Rebecca

REBECCA M. LEWIS
Associate

SIDLEY AUSTIN LLP
+1 312 853 1009
rebecca.lewis@sidley.com<mailto:rebecca.lewis@sidley.com>


From: Yeung, Christopher <cyeung@cov.com<mailto:cyeung@cov.com>>
Sent: Monday, January 23, 2023 6:43 PM
To: Lewis, Rebecca <rebecca.lewis@sidley.com<mailto:rebecca.lewis@sidley.com>>
Cc: Phillips, C. William <cphillips@cov.com<mailto:cphillips@cov.com>>; Sperling, Jonathan <jsperling@cov.com<mailto:jsperling@cov.com>>; Timmick, Andrew J <ATimmick@cov.com<mailto:ATimmick@cov.com>>; Linderot, Anders <ALinderot@cov.com<mailto:ALinderot@cov.com>>; Sexton, Steven <ssexton@sidley.com<mailto:ssexton@sidley.com>>; Cauley, Thomas K. <tcauley@sidley.com<mailto:tcauley@sidley.com>>; Joyce, Eamon P. <ejoyce@sidley.com<mailto:ejoyce@sidley.com>>
Subject: Re: Response to January 10 email regarding NYSNA's discovery requests

Rebecca, Thank you, for White Oak's response. It appears that we are at an impasse on White Oak's responses to the Plan's Interrogatory Nos. 2 and 3. Additionally, as we continue to review White Oak's document production, we have noticed redactions

Rebecca,

Thank you, for White Oak's response. It appears that we are at an impasse on White Oak's responses to the Plan's Interrogatory Nos. 2 and 3.

Additionally, as we continue to review White Oak's document production, we have noticed redactions on a number of the documents produced. We do not believe that any such redactions are appropriate, because White Oak told us previously that it was not withholding any responsive documents on the basis of privilege. See November 22, 2022 letter from White Oak to the Plan.

Please let us know by Wednesday, January 25, 2023, whether White Oak will agree to remove all redactions applied to its document production, and re-produce unredacted versions of those documents to the Plan. If White Oak intends to maintain any redactions on any basis other than privilege, please let us know the basis for such redactions by January 25, 2023. As we previously told you in connection with White Oak's response to Interrogatory No. 2, relevance redactions are impermissible in this district, and any confidentiality concerns that White Oak may have can be addressed through the Plan's agreement to treat the documents as Confidential pending the entry of the confidentiality order that the parties are negotiating currently.

Best,

Chris

Sent from my iPhone

On Jan 20, 2023, at 7:55 PM, Lewis, Rebecca <rebecca.lewis@sidley.com<mailto:rebecca.lewis@sidley.com>> wrote:

 [EXTERNAL]

Counsel,

Please see the attached correspondence, in response to your January 10 email regarding NYSNA's discovery requests.

Rebecca

REBECCA M. LEWIS

Associate

SIDLEY AUSTIN LLP

One South Dearborn

Chicago, IL 60603

+1 312 853 1009

rebecca.lewis@sidley.com<mailto:rebecca.lewis@sidley.com<mailto:rebecca.lewis@sidley.com%3cmailto:rebecca.lewis@sidley.com>>

www.sidley.com<http://www.sidley.com/<https://urldefense.com/v3/__http:/www.sidley.com*3chttp:/www.sidley.com/__;JQ!!Omh0IfYXnA!3WzrUKrP5yS-90zAcYebX5fd9HndedZtjRPAF3rFRZvR5Vz3KYvjtosspIXHADwzS3xAwIPHOsyT64Q$>>
<image001.png>
*******************************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us

immediately.


*******************************************************************************************

<Response to January 10 email.pdf>